KLEINSCHMIDT, appellant, *v.* MORSE, respondent.

PRACTICE — *appearance* — *waiver of summons.* A party appears generally in an action and waives a summons, if he comes into court, without limiting his object in so doing.

PRACTICE — *appearance* — *signing stipulation.* The signing of a certain stipulation in this case was a general appearance.

*Appeal from the Third District, Lewis and Clarke County.*

IN December, 1867, Kleinschmidt commenced this action upon certain drafts in the district court. In February, 1868, an amended complaint was filed and an alias summons was issued, which was returned by the officer as personally served. On March 2, 1868, the defendant appeared specially, and moved to quash the alias summons, and the return of service indorsed upon it. This motion was sustained by the court on March 9, 1868.

In December, 1867, Kleinschmidt obtained a writ of attachment, and defendant filed a plea in abatement of the same on March 12, 1868. It commenced as follows: "And now comes Benajah Morse, * * * defendant, and files this his plea." * * * This was verified by the defendant. Afterward, but upon the same day, a stipulation of the parties was filed, which is contained in the opinion. Judgment was then rendered for plaintiff for $16,880. On June 3, 1868, the defendant filed a motion to vacate this judgment. The court, MUNSON, J., sustained the motion, and plaintiff excepted.

The other facts appear in the opinion.

WOOLFOLK & TOOLE, for appellant.

The court, instead of quashing the alias summons, should have continued the case, and given the proper time to plead. The court had no authority to set aside a final judgment, on motion, at a term of court, after such judgment was rendered, when the records show that there was personal, but insufficient service. *Wilson* v. *Cleaveland*, 30 Cal. 192; *Suydam* v. *Pitcher*, 4 id. 280; *Castro* v. *Richardson*, 25 id. 49; *Willson* v. *McEvoy*, 25 id. 169; *Lattimer* v. *Ryan*, 20 id. 628; *Shaw* v. *McGregor*, 8 id. 521.

The plea in abatement, filed in open court, was a waiver of service. A party may appear in person, or by attorney, without service of summons. Acts 1867, 138, § 22; *Suydam* v. *Pitcher*, 4 Cal. 280; *Adams* v. *Gilbert*, 9 Wend. 499; *Sterne* v. *Bentley*, 3 How. Pr. 331; *Hunter* v. *Lester*, 18 id. 347.

After respondent appeared and filed his stipulation, withdrawing all pleas and defenses, the court exercised its judicial discretion in rendering a judgment. This can only be reversed on appeal, or set aside on motion and proper showing of merits at proper time. The authority of an attorney of record is always presumed, when he appears as such, and he may suffer or confess judgment for his client. *Foster* v. *Wood*, 30 How. Pr. 285; *Denton* v. *Noyes*, 6 Johns. 301; *Blodget* v. *Conklin*, 9 How. 444.

Other rights have intervened and attached upon this judgment. If respondent had made proper showing of merits at the proper time, the court should have ordered the judgment to stand, subject to those rights, and respondent should have been permitted to answer and defend. *Sterne* v. *Bentley*, 3 How. Pr. 331; *Hallett* v. *Righters*, 13 id. 43.

This court should make such order in the premises as should have been made in the court below. While it devolved on respondent to show a meritorious defense, in order to set aside the judgment, appellant shows, by affidavits filed, that there is no such defense.

CHUMASERO & CHADWICK and G. MAY, for respondent. (No brief on file.)

KNOWLES, J. This cause comes to this court on appeal from an order of the court below, vacating and declaring null and void a judgment of that court.

It appears that at the time of filing the complaint in this action a summons was issued. This was quashed by order of court for a defective service. Afterward the plaintiff filed an amended complaint, and had an alias summons issued. The plaintiff, in the mean time, had filed his affidavit for a writ of attachment, to issue against the property of respondent. The respondent appeared in the action, and filed his plea in abatement. The court sustained the plea, and quashed the attachment proceeding. The counsel for

the respondent then gave the appellant the following stipulation, to wit:

| |
|---|
| Theodore H. Kleinschmidt, plaintiff, *agt.* Benajah Morse, surviving partner of the late firm of E. and B. Morse, defendant. |

*In the Territorial District Court, Third Judicial District, Lewis and Clarke County, M. T.:*

The undersigned attorneys for the above-named defendant hereby consent and agree to withdraw all pleas and defenses in the above cause, and will interpose no objections to the taking of judgment in said cause.

Witness our hands this 12th day of March, A. D. 1868.

WILLIAM CHUMASERO,
Attest:                                                GEORGE MAY.
    J. H. SHOBER.

This stipulation was filed in the action, and counsel for appellant moved for judgment, which was duly entered at the next term.   Afterward the counsel for respondent moved to set this judgment aside, and to declare the same null and void, for the reasons set forth in the following motion:

"And now comes the defendant by his attorneys, William Chumasero and George May, and moves the court to annul and vacate the judgment entered at the last term of this court, in behalf of plaintiff against defendant, for reasons, 1. That the inspection of the records in said case shows an order quashing the summons and return in said case; 2. That the inspection of the records shows that there was no service of summons upon defendant, other than the one quashed, and therefore defendant could not be in default, and therefore that said judgment was improperly entered; 3. That the stipulation on file in this case, signed by the attorneys, did not authorize and justify the judgment entered in said case."

WILLIAM CHUMASERO,
GEORGE MAY,
    *Attorneys for Defendant.*

The court sustained this motion, and vacated the judgment entered for the appellant. This was done at a term subsequent to the one at which the judgment was entered. We have been thus particular in setting forth the facts, that it may be seen upon what the court below based its action.

The twenty-second section of the civil practice act of this Territory provides as follows:

"That, after the filing of the complaint, a defendant in the action may appear, answer or demur, whether the summons has been issued or not; and such appearance, answer or demurrer shall be deemed a waiver of summons."

The first question presented to the court is, did the defendant appear generally in the action? If he did, he waived any summons to appear. What is a general appearance in an action? A party coming into court in an action without limiting the object for which he comes in. The signing of such a stipulation as the one filed in this cause by defendant's attorney, has ever been considered a general appearance in a cause. The respondent then, as to this action, was in court, and if he had failed to file a plea to the merits of the cause, the appellant was entitled to judgment if he claimed it. He asked for judgment, and the court properly awarded it.

We feel impelled to say one thing further in this cause. How was that stipulation considered by the attorneys for the appellant, and how did the attorneys for respondent have reason to suppose that the attorneys for the appellant regarded it? That it was an agreement by the defendant, Benajah Morse, that the plaintiff might have judgment for the amount he claimed. To give it any other effect would be to violate what was the manifest intention of the parties who gave it, the understanding of its effect by the parties who received it, and to recognize and encourage a system of sharp practice not to be tolerated in any dignified and upright court.

The order of the court below is, therefore, reversed and the cause remanded.

*Exceptions sustained.*

WARREN, C. J., concurred.