R. T. BUELL v. HENRY L. DODGE ET AL.

CHANGE OF PLACE OF TRIAL—PRACTICE.—By the original complaint in an action in the county of Santa Barbara it appeared that the defendant D. (a resident of San Francisco) was the only defendant against whom the facts alleged would justify judgment. *Held*, that he was entitled to a change in the place of trial, and that his right thereto could not be taken away by statements in an amended complaint (filed after his demand), setting up a cause of action against the other defendant.

APPEAL from an order changing the place of trial from the Superior Court of the County of Santa Barbara. HATCH, J.

*W. C. Stratton*, for Appellant.

One of the defendants resided in the county of Santa Barbara, and that is the proper county. (Code Civ. Proc. § 385.)

The question presented to the Court was not whether Covarrubias was a necessary or proper party, but whether he was made a party defendant for the purpose of preventing a change of venue. The proof is that he was not, and the motion should have been denied.

*Charles Fernal*, and *Pillsbury & Titus*, for Respondents.

Upon the facts presented it was a question for the lower Court whether the ends of justice would be best subserved by granting the motion; and unless it appears that there has been an abuse of discretion it will not be reversed on appeal. (*Hanchet* v. *Finch*, 47 Cal. 192; *Hall* v. *The C. P. R. R. Co.* 49 id. 454.)

The COURT:

The demand that the trial be had in San Francisco county was made by defendants when they demurred to the original complaint; by which complaint it appeared that the defendant Dodge (a resident of San Francisco) was the only defendant against whom the facts alleged would justify a judgment.

Dodge's right to a change of the place of trial is to be determined by the then conditions of the case, and could not be taken away by statements in an amended complaint subsequently filed.

Order affirmed.