[No. 9,514.   Department One.— June 4, 1884.]

J. C. HEALD, RESPONDENT, v. JOSHUA HENDY, APPELLANT.

CHANGE OF PLACE OF TRIAL. — Where the defendant, at the time he demurs, demands that the trial be had in the county of his residence, his motion for a change of the place of trial cannot be postponed by the court until the answer is filed, and leave granted to the plaintiff to make a cross-motion to retain the case on the ground of convenience of witnesses.

APPEAL from certain orders of the Superior Court of El Dorado County.

The facts are stated in the opinion of the court.

*W. H. H. Hart*, for Appellant.

*George G. Blanchard*, for Respondent.

The COURT.— The action was brought in the Superior Court of El Dorado County. Defendant demurred to the complaint, and at the time he appeared and demurred (Code Civ. Proc. § 396), demanded in writing that the trial be had in San Francisco, the proper county. Upon due notice defendant moved for a change of the place of trial upon affidavit that, at the commencement of the action and afterwards, he resided in the city and county of San Francisco, and no affidavit denying the statements of defendant's affidavit was filed on the part of plaintiff. When, on the 27th of October, 1883, defendant's motion came on to be heard, and after defendant's counsel had read the papers designated in his notice of motion, and the court had sustained an objection of defendant to the hearing of a cross-motion by plaintiff to retain the cause in El Dorado County, "for the convenience of witness," the court ordered

"that further hearing of defendant's motion be postponed until defendant files his answer to plaintiff's complaint, and that plaintiff's cross-motion be heard at the time when the further hearing of defendant's motion is heard, and that said motion and cross-motion may be brought on for final hearing upon ten days' notice by either party."

This order, in its legal effect, was an order denying defendant's motion for a change of the place of trial. It effectually deprived him of his right to have his demurrer heard in San Francisco. (*Cook* v. *Pendergast*, 61 Cal. 72.)

The order of the 27th of October, 1883, must be reversed.

As the court erred in continuing the hearing of defendant's motion until he should file an answer, and as it appears from the bill of exceptions, settled and certified by the learned judge below, that defendant, on the 17th day of November, 1883, pursuant to the order of the court, "was compelled to and did serve and file his answer," it follows that the order of January 18, 1884, was erroneous.

Orders reversed.