[No. 12740. In Bank. — April 23, 1889.]

## AH FONG, Respondent, v. GEORGE H. STERNES, Appellant.

Change of Venue — Action for False Imprisonment — Residence of Defendant. — In an action for false imprisonment, the defendant has a right to have the case transferred to the county of his residence.

Id. — Complaint for False Imprisonment — Burden of Allegation — Justification. — If the complaint shows a physical and bodily restraint, it is not necessary that it should allege that such restraint was malicious, or without probable cause, or unlawful. Whoever imprisons another must (except in certain cases under special statutes) justify himself by showing that the imprisonment was lawful.

Id. — Complaint with a Double Aspect. — If the plaintiff frames his complaint with a double aspect, in one of which the defendant has a right to a change of venue, but not in the other, the complaint will be construed against the pleader, and the case will be transferred.

Id. — Complaint Stating Two Causes of Action. — If a complaint states two causes of action, as to one of which the defendant has a right to a change of venue, but not as to the other, the case will be transferred.

Appeal from an order of the Superior Court of Nevada County refusing to change the place of trial.

The facts are stated in the opinion.

*A. L. Hart,* and *Charles W. Kitts,* for Appellant.

The action is to recover damages resulting to the plaintiff in consequence of the imprisonment imposed upon him by the alleged refusal of the defendant to obey the writ of *habeas corpus.* Such an action the defendant is entitled to have tried in the county of his residence. (Code Civ. Proc., sec. 395.) The action does not present a case of penalty or forfeiture arising under a statute. (Pen. Code, sec. 1505; 2 Sedgwick on Damages, 7th ed., 223; 2 Cooley's Bla. Com. 299; *Santa Cruz* v. *Santa Cruz R. R. Co.,* 56 Cal. 149; *Chaffee* v. *United States,* 18 Wall. 538.)

*Cross & Simonds,* for Respondent.

The action is to recover the penalty or forfeiture provided by statute for the failure of the defendant to obey .

the writ of *habeas corpus*. (Pen. Code, sec. 1505; *Muldoon
v. Lynch*, 66 Cal. 539; *Jahns* v. *Nolting*, 29 Cal. 513.) Such
an action must be tried in the county where the cause of
action arose. (Code Civ. Proc., sec. 393.)

HAYNE, C. — Appeal from an order refusing a change
of venue. The complaint avers in substance that the
plaintiff was unlawfully confined and restrained of his
liberty by the defendant at Nevada township, Nevada
County, California; that a writ of *habeas corpus* was duly
issued to the defendant by the superior court of Nevada
County, commanding him to produce the body of the
plaintiff at a specified time and place; that said writ was
served upon the defendant while he had the plaintiff in
his custody and under his control, but that defendant
refused and still refuses to obey the said writ; and that
" by reason of the aforesaid acts and doings of said de-
fendant, plaintiff has been unlawfully imprisoned and
restrained of his liberty by the defendant for the period
of five days, and has suffered damages and injury in the
sum of five thousand dollars." The prayer was for judg-
ment for that sum, and costs. The motion was for
change of venue to Sutter County, on the ground that
that was the residence of the defendant.

If the action is to be regarded as an action for false
imprisonment, the defendant was entitled to have the
case sent to Sutter County. If, however, it is to be re-
garded as an action for the recovery of a statutory pen-
alty under section 1505 of the Penal Code, which provides,
in relation to writs of *habeas corpus*, that " if the officer
or person to whom such writ may be directed refuse
obedience to the command thereof, he shall forfeit and
pay to the person aggrieved a sum not exceeding five
thousand dollars, to be recovered by an action in any
court of competent jurisdiction," then the retention of
the case in Nevada County was proper, under section
393 of the Code of Civil Procedure, which provides that

actions "for the recovery of a penalty or forfeiture imposed by statute" must be tried in the county where the cause of action or some part thereof arose, subject to the power of the court to change the place of trial in proper cases.

We think that the complaint states a good cause of action for false imprisonment. The allegation that the plaintiff was "confined and restrained of his liberty by the defendant" is an allegation of physical and bodily restraint, which would serve as a foundation for the old action of trespass *vi et armis.* In such an action it is not necessary to aver—as would be necessary in an action for malicious prosecution — that the imprisonment was malicious or without probable cause. (*Colter* v. *Lower*, 35 Ind. 286; 9 Am. Rep. 735; *Carey* v. *Sheets*, 60 Ind. 20, 21; *Akin* v. *Newell*, 32 Ark. 605.) It is not even necessary to allege that the imprisonment was unlawful (though that is alleged here). If matter of justification exists, it must be pleaded by the defendant. " Whoever assaults or imprisons another (except in some cases under particular statutes . . . .) must justify himself by showing specially to the court that the act was lawful." (1 Chitty on Pleadings, 16th Am. ed., *535; *Gallimore* v. *Ammerman*, 39 Ind. 318; *Carey* v. *Sheets*, 60 Ind. 20, 21; *People* v. *McGrew*, 77 Cal. 570.) We do not regard the expressions in the opinion in *Hirsch* v. *Rand*, 39 Cal. 318, as intended to assert a different rule. The allegation of imprisonment, coupled with the averment of damage above quoted, constitutes a cause of action for false imprisonment.

And we are inclined to doubt whether the complaint can be regarded as stating a cause of action for a penalty, under section 1505 of the Penal Code, for the reason that the complaint makes no reference to that section, or indicates in any way that it is for the violation of a statute. But assuming that it can be so regarded, it is evident that it was framed with a double aspect. In one

aspect it is a good complaint for false imprisonment; in another aspect it may be assumed to be a good complaint for a penalty imposed by statute. Now, we do not think that the plaintiff, by so framing his complaint, can deprive the defendant of his right to have the case tried in the county of his residence. The rule is, that ambiguities must be resolved against the pleader; and we think that this is a proper case for its application.

Even if the complaint be regarded as stating two separate causes of action, upon one of which the defendant would be entitled to a change of venue, but not upon the other, the result would be the same. It is the plaintiff's own doing if the complaint be so drawn. He cannot deprive the defendant of his right to a change of venue by the addition of something to the complaint. If this were not the rule, it would be very easy for a plaintiff to defeat the defendant's right in the matter. All that plaintiff would have to do would be to add another cause of action to his complaint. It need not be a genuine cause of action. And it would not matter whether the two causes of action were properly united or not. For the defendant could not compel their separation by demurrer before moving for a change of venue, because he is required to take his proceedings for such change at the time of answering or demurring. (Code Civ. Proc., sec. 396.) And the "right is to be determined by the condition of things existing at the time the parties claiming it first appeared in the action." (*Remington S. M. Co.* v. *Cole*, 62 Cal. 318; *Buell* v. *Dodge*, 57 Cal. 645.) And even if this were not so, and the court had power to postpone the hearing of the motion until after the hearing of the demurrer, it would deprive the defendant of his right to have the demurrer heard in the county of his residence. (*Heald* v. *Hendy*, 65 Cal. 321.)

In any view that can be taken, therefore, the order

refusing a change of venue was erroneous. The other positions do not require special notice.

We therefore advise that the order appealed from be reversed, with directions to the court below to make an order transferring the case to Sutter County.

. FOOTE, C., and BELCHER, C. C., concurred.

THE COURT.— For the reasons given in the foregoing opinion, the order appealed from is reversed, with direc tions to the court below to make an order transferring the case to Sutter County.

McFARLAND, J., dissenting.— I dissent. The complaint either states a cause of action under the provisions of the code about *habeas corpus,* or it states no cause of action at all. There is no averment of any liability of defendant under the original arrest. The averred liability is upon his refusal to obey the writ of *habeas corpus.* I think, therefore, that the motion for a change of venue was properly denied.

THORNTON, J., dissented.