## SMAIL V. GILRUTH.

Under the provisions of Sections 4890, 4891, Comp. Laws, the right of a defendant to have the place of trial changed to the proper county is absolute, if the demand and motion therefor are duly made, and the court cannot retain the case on the ground of the convenience of witnesses.

(Syllabus by the Court. Opinion filed Feb. 26, 1896.)

Appeal from circuit court, Day county. Hon. A. W. CAMPBELL, Judge.

Action to recover money due upon a lease. From an order denying a motion for a change of venue, defendant appeals. Reversed.

The facts are stated in the opinion.

*Bennett & Sheldon,* for appellant.

The right to a change of venue is absolute, and cannot be resisted by considering the convenience of witnesses. §§ 4890 and 4881, Comp. Laws; McSherry v. Pennsylvania C. G. Min. Co., 32 Pac. 711; Pearse v. Bordeleau, 33 Pac. 140; Wallace v. Owlsley, 27 Pac. 790; Kleiners v. Loeb, 25 N. W. 216; Cook v. Pendergast, 61 Cal. 72. The proper time to consider the convenience of witnesses and other questions arising under the second and third clauses of the statute, is after the action has been brought to the proper county. Park v. Carnley, 7 How. (N. Y.) Pr. 355; Hubbard v. Ins. Co., 11 Id. 149; Internat. Life Ass. Co. v. Sweetland, 14 Abb. (N. Y.) Pr. 240. The expenses incident to removal of the action should be borne by plaintiff, F. & T. Bank v. Cohen. 32 N. W. 461.

*Josephus Alley,* for respondent.

The law does not require useless acts, and to order a cause transferred when it appears that it should be transferred back would be to require unnecessary acts and proceedings, and to countenance rather than discountenance a multiplicity of proceedings. Jones v. Swank (Minn.) 55 N. W. 1126; Jenkins v. Stage Co., 22 Cal. 538; Hall v. Railway Co., 49 Cal. 454; Couillard v. Johnson, 24 Wis. 533; Bonnell v. Easterly, 30 Wis. 552.

CORSON, P. J. The principal question presented by the record in this case, and the only one we shall consider, is as to the right of a plaintiff to resist a motion made by the defendant to change the place of trial to the proper county, where the defendant resided when the action was commenced, by proof that the convenience of witnesses and the ends of justice would be promoted by retaining the case in the county in which the action was commenced. This action was commenced in Day county, and the summons was served upon the defendant in Codington county. Within the proper time the defendant, upon an affidavit showing that he was a resident of Codington county at the time the action was commenced, and that the summons and complaint were served upon him in that county made demand that the place of trial be changed to the latter county, which was followed by a motion to the court for an order so changing the place of trial. The facts stated in defendant's affidavit were not controverted. On the hearing of this motion the plaintiff submitted in opposition thereto an affidavit tending to prove that the convenience of witnesses and the ends of justice would be promoted by retaining the action for trial in said Day county. This affidavit was objected to by the defendant, but the objection was overruled, and the defendant duly excepted. The court thereupon denied the motion of the defendant, to which ruling of the court the defendant duly excepted.

Section 4890, Comp. Laws, provides that, "in all other cases, the action shall be tried in the judicial subdivision in which the defendant or defendants, or any of them shall reside, or may be served at the commencement of the action." And Sec. 4891 provides that, "if the county designated for that purpose in the complaint be not the proper county, the action may, notwithstanding be tried therein, unless the defendant before the time for answering expires demand in writing, that the trial be had in the proper county. * * *" It will be observed that the demand for a change of the place of trial must

be made before the time for answering expires, and may be made immediately upon the service of the summons. When the demand is made, therefore, the court will ordinarily have no knowledge of what the issues in the case will be; and if the demand and motion are made before answer or demurrer, as they may be, the court cannot properly postpone the hearing or reserve its decision until the issues are made up. Heald v. Hendy, 65 Cal. 321, 4 Pac. 27. It would seem, therefore, that under the provisions of our Code the defendant had the absolute right to have the place of trial changed to the proper county, where all the subsequent proceedings in the case should be had, subject to the power conferred upon the court to further change the place of trial, for the convenience of witnesses, or other causes specified in the statute, and that such a motion should not be defeated by proof that the convenience of witnesses requires the case to be retained. This right of the defendant is an important one, especially when a defendant is sued in a county hundreds of miles distant from his place of residence. And as said by the supreme court of Wisconsin in Meiners v. Loeb, 64 Wis., 343, 25 N. W. 216: "It is the plaintiff's duty to commence the action in the proper county, and, if he does not, it is his duty to consent to the change to the proper county when demanded by the defendant; and if he refuses to assent to such change, when demanded, it is the duty of the court, on motion made within the proper time, to make an order changing the place of trial to the proper county."

Bringing the action in the wrong county is the fault of the plaintiff, and he has no right to be heard as to the place of trial for the convenience of witnesses, after the proper demand has been made, until the action is transferred to the proper county, where it should have been commenced. The decisions are not in entire harmony upon this question, but the later cases seem to sustain the views herein expressed. In the early case of Couillard v. Johnson, 24 Wis. 533, the supreme court of that state held the contrary doctrine. But in Meiners v. Loeb, *supra*

that case was overruled. The headnote of the latter case is as follows: "Under Sec. 2621, Rev. St., the right of the defendant to a change of venue, when the county designated in the complaint is not the proper place of trial, is absolute, if the demand and motion therefor are duly made. The court cannot retain the cause on the ground that the convenience of witnesses and the ends of justice would be promoted thereby. Couillard v. Johnson, 24 Wis. 533, overruled." It is true as stated by counsel for the respondent in his brief, that subsequently to the former decision the legislature of that state made an amendment to the law; but we think it is quite clear from the opinion in the case that the court would have overruled Couillard v. Johnson, had no such change been made in the law. In Hanchett v. Finch, 47 Cal. 192, the supreme court of California held a doctrine similar to that announced in Couillard v. Johnson, *supra*; but in the later decisions in that state Hanchett v. Finch seems, in effect, though not in terms, to have been overruled. Cook v. Pendergast, 61 Cal. 72; Heald v. Hendy, 65 Cal. 321, 4 Pad. 27; Ah Fong v. Sternes, 79 Cal. 30, 21 Pac. 381; McSherry v. Mining Co., 97 Cal. 637, 32 Pac. 711. The court of appeals of the state of New York, in Veeder v. Baker, 83 N. Y. 156, had before it the precise question now before this court, and the language of that court is so forceful and pertinent that we copy from the opinion at some length: "The counsel for the plaintiff, however, read in opposition to the motion affidavits and papers from which the court might have determined that the convenience of witnesses and the ends of justice would have been promoted by refusing the change; and an order denying the motion upon these grounds, it is claimed, would so far rest in discretion as not to be reviewable by this court. But we are of the opinion that the defendant's right to have the place of trial changed was an absolute right, and that his motion to secure the right could not be defeated by showing that the convenience of witnesses and the ends of justice would be promoted by retaining

the place of trial in St. Lawrence county. The defendant, in such case, has the right to move for the change solely upon the ground that the proper county for the trial is not stated in the complaint; and if he can be met on the motion by affidavits showing that an impartial trial cannot be had in the county to which he demands the change, or that the convenience of witnesses and the ends of justice will be promoted by refusing the change, he may be taken by surprise, and cannot be prepared to meet such affidavits. Hence the orderly and regular practice is to order the change upon defendant's motion, and then, if the plaintiff desires a change to any other county, on the grounds stated in the two last specifications of Sec. 987, he must make his motion upon affidavits which the defendant can be prepared to meet. Authority is given in that section, not to retain a place of trial, but to change the place of trial. These views as to the proper procedure are, so far as we are informed, in accordance with the uniform practice in such cases in the supreme court. Park v. Carnley, 7 How. Prac. 355; Hubbard v. Insurance Co., 11 How. Prac. 149; Assurance Co. v. Sweetland, 14 Abb. Prac. 240." And the orders of the general and special terms denying the defendant's motion, were reversed. As the provisions of our Code relating to the change of the place of trial were taken from the Code of New York, the decision of the highest court of that state construing these provisions is entitled to great consideration. Wallace v. Owsley, 11 Mont. 219, 27 Pac. 790; Pearse v. Bordeleau, 3 Colo. App. 351, 33 Pac. 140. The order of the circuit court denying the motion of the defendant is reversed, and that court is directed to grant the motion.