[S. F. No. 10019. In Bank.—December 5, 1922.]

## MARGARET McCLUNG, Respondent, v. J. N. WATT, Appellant.

[1] Place of Trial—Individual and Corporation Defendants—Action in County of Corporation's Residence—Right of Transfer.—An individual defendant with whom a corporation defendant, against which the complaint states, or attempts in good faith to state, a cause of action, is joined in an action properly brought in the county in which the corporation has its principal place of business, is not entitled under section 395 of the Code of Civil Procedure to a change of place of trial to the county of his residence.

[2] Id.—Right to Change—When Determined.—The right to a change of place of trial of an action to the residence of a defendant must be determined by the status of the parties joined as defendants as revealed by the pleadings existing at the time the party claiming the right first appears, since such a motion must be determined in advance of any other judicial action.

[3] Id.—Sufficiency of Complaint Against Corporation.—In an action against an individual and a corporation brought in the county in which the corporation has its principal place of business for fraud alleged to have been practiced by the individual in connection with an exchange of real properties, the sufficiency of the complaint and the good faith of the pleader are not to be denied, upon a motion for a change of place of trial to the county of the residence of the individual defendant, unless it can be clearly seen that the allegations of fact concerning the corporation are in nowise related to the fact alleged and relied upon as a cause of action against the individual and

would not in any event warrant the inference that the corporation was a party to the fraud.

[4] PLEADING—FRAUD—SUFFICIENCY OF COMPLAINT.—Allegations in a complaint in an action against an individual and a corporation for fraud practiced by the individual in procuring an exchange of real property that plaintiff conveyed her property to the corporation in exchange for the property of the individual defendant, that the latter was at the time the owner of a large interest in the corporation and that the corporation obtained all the advantages and benefit of the fraudulent acts and ratified and approved them, are not so inherently devoid of merit as to be radically insufficient to state a cause of action, when considered in conjunction with the remaining allegations.

[5] PLEADING—SEMBLANCE OF CAUSE OF ACTION—SUFFICIENCY OF ALLEGATIONS.—Allegations which do no more than shadow forth the semblance of a cause of action are proof against assault upon the ground that they are sham and frivolous.

[6] FRAUD—ACCEPTANCE OF FRUITS—KNOWLEDGE OF ACTS—EFFECT OF.—One who accepts the fruits of a fraud with knowledge of the misrepresentations or concealments by which the fraud was perpetrated inferentially ratifies the fraud and will be liable therefor even though he did not personally participate therein.

[7] PLACE OF TRIAL—DEMAND FOR CHANGE—COMPLAINT.—It is enough upon the hearing and determination of a motion for a change of place of trial by an individual defendant in an action brought against him and a corporation in the county of the latter's residence, that the cause of action purported to be stated against the corporation was apparently pleaded in good faith and is not, *prima facie*, so glaringly and vitally defective as to be beyond correction by amendment.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion for a change of place of trial. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. E. Shaw for Appellant.

Fry & Wood for Respondent.

LENNON, J.—This is an appeal from an order denying the motion of the individual defendant, Watt, for a change of venue. The city and county of San Francisco is the principal place of business of the corporation defendant and the action was instituted there. Defendant Watt's residence is

in the city of Sacramento. He demanded a change of place
of trial from said city and county of San Francisco to the
county of Sacramento upon two grounds: (1) that his resi-
dence was in Sacramento, and (2) that the corporation de-
fendant was joined as a defendant solely for the purpose of
having the action tried in the superior court of the city and
county of San Francisco.

[1] It is one of the contentions of the individual defend-
ant, Watt, made in support of the appeal that even though
a corporation is properly joined as a defendant in the action
and sued in the county where its principal place of business
is located, nevertheless, the individual defendant is entitled,
upon demand, to have the action tried in the county of his
residence.

In support of this contention defendant Watt cites several
cases in which it was held that the privilege given the plain-
tiff by article XII, section 16, of the state constitution, of
suing a corporation defendant not only in the county of its
residence but also ''where the contract is made or is to be
performed, or where the obligation or liability arises or the
breach occurs,'' was waived by plaintiff if an individual was
joined with the corporation as a defendant. (*Griffen &
Skelly Co.* v. *Magnolia and Healdsburg Fruit Cannery Co.*,
107 Cal. 378 [40 Pac. 495]; *Brady* v. *Times-Mirror Co.*, 106
Cal. 56 [39 Pac. 209]; *Nelson* v. *East Side Grocery*, 26 Cal.
App. 344 [146 Pac. 1055].) These cases held that plaintiff
could not by the joinder of a corporation with an individual
defendant deprive the individual defendant of his right to
demand and have a trial of the action in the county of his
residence. This is so because ''the plaintiff may at all times
avail himself of the privilege given by the section, if the only
defendant in the action is the corporation; but if he chooses
to join as defendants others whose residence is in a different
county, he waives the benefit of the provision. Such joining
of other defendants is his own act, and he cannot in this
manner deprive them of a right held by them.'' (*Griffen &
S. Co.* v. *Magnolia etc. Co.*, *supra*.) It will be noted that in
none of these cases cited by defendant in support of his con-
tention in this behalf was the action brought, as in the in-
stant case, in the county where the principal place of busi-
ness of the corporation defendant was located. They were
all cases in which the action was brought against the corpo-

ration defendant under the authority of the first two provisions of article XII, section 16, of the state constitution, which provides that a corporation may be sued "where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs." In other words, the actions were brought in counties in which they could not have been maintained except for the fact that one of the defendants was a corporation, and this court held that the fact that one of the defendants was a corporation should not deprive an individual defendant of his right to have the action tried in the county of his residence. In the instant case, however, the action was commenced in the principal place of business of the corporation—the county of its residence. (*Jenkins* v. *California Stage Co.,* 22 Cal. 538; *Buck* v. *City of Eureka,* 97 Cal. 135 [31 Pac. 845]; *Trezevant* v. *Strong,* 102 Cal. 47 [36 Pac. 395]; *Gallup* v. *Sacramento and San Joaquin Drainage District,* 171 Cal. 71 [151 Pac. 1142].) The plaintiff had a right to bring the action there, irrespective of whether or not one of the defendants was a corporation or an individual defendant. That is to say, the right of the individual defendant in the instant case is not affected by the fact that the defendant joined is a corporation rather than an individual. The rule enunciated in the cases cited and relied upon by the individual defendant, Watt, has, therefore, no application to a situation where the action was instituted in the county of the principal place of business of a corporation defendant properly joined with other defendants in the action.

Section 395 of the Code of Civil Procedure, under which the defendant here claims the right to have the action transferred, provides that "the action must be tried in the county in which the defendants, *or some of them reside.*" If under this section an action is commenced in the county of the residence of one of the defendants, another defendant resident of a different county does not have the right to have the action changed to the county of his residence, and this is so even though it may happen that all of the defendants join in the demand. (*Quint* v. *Dimond,* 135 Cal. 572 [67 Pac. 1034]; *Hellman* v. *Logan,* 148 Cal. 58 [82 Pac. 848].) Concededly the corporation, in the instant case, if justly joined, is a defendant in the action, and its principal place of business being, within the meaning of this section, its resi-

dence, the action having been instituted in the county of its principal place of business, was brought "in the county in which the defendants, or some of them reside."

Precisely the same situation was presented to this court in *Hellman* v. *Logan, supra,* wherein an individual defendant attempted to have the trial changed from the county of the principal place of business of the corporation, properly joined with him, to the county of his residence. The court held that the motion for a change of venue was properly denied, saying: "If one of the parties necessary resides in the county in which the action is begun, the action is properly begun and may be tried in that county, although the other and principal defendant resides in another county. (C. C. P. 395.)" This being so, the individual defendant, Watt, is not privileged to have the trial changed to the county of his residence upon the theory that an individual defendant, merely because he is an individual, has a right superior to a corporation codefendant to have the action tried in the county of his residence. The correctness of the trial court's ruling, therefore, depends upon a solution of whether or not the corporation, in the instant case, was justly joined as a party defendant or was joined "solely" for the purpose of giving the court jurisdiction; that is to say, whether or not the complaint states, or attempts in good faith to state, a cause of action against the corporation.

[2] The motion for a change of place of trial to the county of the party's residence must be made by the moving party and determined by the court in advance of any other judicial action in the case. (*Heald* v. *Hendy,* 65 Cal. 321 [4 Pac. 27]; *Brady* v. *Times-Mirror, supra.*) Hence the right to a change of place of trial to the residence of a defendant must necessarily be determined by the status of the parties joined as defendants in the action as revealed by the pleadings existing at the time the party claiming the right first appeared in the action. (*Buell* v. *Dodge,* 57 Cal. 645; *Remington S. M. Co.* v. *Cole,* 62 Cal. 311; *Brady* v. *Times-Mirror Co., supra; Donohoe* v. *Wooster,* 163 Cal. 114 [124 Pac. 730].) If the complaint in the instant case attempts, in apparent good faith, to state a cause of action against the corporation defendant, the individual defendant, Watt, did not have the right to have the place of trial changed to the county of his residence. [3] The suffi-

ciency of the complaint and the good faith of the pleader are not to be denied, upon a motion for a change of venue, unless, at first blush, it can be clearly seen and said that the allegations of fact concerning the corporation defendant are in nowise related to the facts alleged and relied upon as a cause of action against the defendant, Watt, and would not, in any event, or in any view of the case, warrant the inference that the corporation was a party to the fraud and deceit alleged to have been practiced upon the plaintiff by the defendant Watt, whereby the plaintiff was induced to exchange certain real property belonging to her for property owned by the defendant Watt. While the plaintiff's complaint does not purport by direct averments to immediately and intimately connect the corporation defendant with a personal participation in the alleged fraudulent transaction pleaded as a cause of action against the defendant Watt, it does allege that "plaintiff conveyed her said property in exchange for said Butte county property . . . to the defendant Valley Bond and Mortgage Company . . . ; that said defendant Watt, . . . was at the time of said transaction the owner of a large interest in said defendant corporation; that said corporation obtained all the advantages and benefit by reason of the fraudulent acts and representations of said defendant Watt, . . . and at all times knew of the same and ratified and approved of them."

[4] Conceding these allegations to be faulty in form, and in a measure vague and indefinite and somewhat ambiguous, nevertheless, when considered in conjunction with the remaining allegations of the complaint, even though they be strictly construed, it cannot be said that they are so inherently and utterly devoid of merit as to be radically insufficient upon which to found a cause of action. In short, it cannot be held that the allegations of the complaint, concerning the corporation defendant, are clearly bad and manifestly the making of a sham and frivolous pleading. [5] If the allegations in question did no more than shadow forth the semblance of a cause of action they would be proof against assault upon the ground that they were sham and frivolous. (*Giles Lithographic etc. Printing Co.* v. *Recamier Mfg. Co.*, 14 Daly [N. Y.], 475; *Winn* v. *Waring*, 2 Brev. [S. C.], 428; *Hogencamp* v. *Ackerman*, 24 N. J. L. 133; *Marshall* v. *Hamilton*, 41 Miss. 229, 235;

*Walter* v. *Fowler*, 85 N. Y. 621; *Bradner* v. *Faulkner*, 93
N. Y. 515.) The allegations in question, however, make
for more than the mere semblance of a cause of action,
for they proceed with a degree of certainty and clarity,
sufficient at least for the purpose of determining the
merits of the motion for a change of venue, upon the theory
that the individual defendant, Watt, as the owner of a large
interest in the corporation defendant, was acting in behalf
of the corporation, as well as for himself, and that said
corporation defendant knowingly connived at and ratified
the alleged fraudulent conduct of the individual defendant,
Watt, and with knowledge of the fraud alleged to have been
perpetrated by him upon the plaintiff, ultimately became
the sole beneficiary of the fruits of the fraud. [6] Even
though imperfectly pleaded, it is not difficult to spell out,
from the facts alleged against the corporation defendant, a
cause of action against said defendant on the ground of
fraud and deceit, for the rule generally is that one who
accepts the fruits of a fraud, with knowledge of the misrep-
resentations or concealments by which the fraud was per-
petrated, thereby inferentially ratifies the fraud complained
of and will be liable therefor even though he did not per-
sonally participate in the fraud, and this is so apart from
any consideration of the theory of agency. (*Baily* v. *Lon-
don Guarantee & Accident Co.*, 72 Ind. App. 84 [121 N. E.
128]; *Law* v. *Grant*, 37 Wis. 548; *Green* v. *des Garets*
(*Waddington*), 210 N. Y. 79 [103 N. E. 964].)

[7] True it is the complaint as a whole, and the allega-
tions in question in particular, may be susceptible to special
demurrer for some insufficiency of fact, as well as ambiguity
and uncertainty, but whatever defects there may be in the
form and phrasing of the complaint it is not so grievous
but that it may be cured by appropriate allegations,
founded, of course, in truth, by amendment following a
ruling upon demurrer. It is enough, however, upon the
hearing and determination of the demand for a change of
venue, that the cause of action purported to be stated against
the corporation defendant was apparently pleaded in good
faith and is not, *prima facie*, so glaringly and vitally defec-
tive as to be beyond correction by amendment.

We are satisfied that the facts pleaded against the corpo-
ration defendant would, in the absence of demurrer, war-

rant and support a judgment against the corporation defendant for conniving at and knowingly becoming the recipient of the fruits of the fraud complained of against the individual defendant, Watt. This being so, it cannot be held that the defendant Watt is the only defendant against whom the facts pleaded in the complaint would justify a judgment, and consequently it cannot be said that the joining of the corporation as a party defendant in the action was made in bad faith and for the purpose of preventing a transfer of the action to the county of the residence of the defendant Watt.

The order appealed from is affirmed.

Wilbur, J.; Lawlor, J., Shaw, C. J., Waste, J., and Sloane, J., concurred.