[Civ. No. 8548. First Appellate District, Division One.—November 25, 1932.]

WILLIAM CHARLES TAAFFE, Respondent, v. FRANCIS V. BLOCH, Appellant.

A. B. Weiler for Appellant.

Louis Oneal for Respondent.

KNIGHT, J.—This is an appeal by defendant from an order denying his motion for a change of place of trial based upon the ground of nonresidence.

The complaint contained two counts, the first being for the foreclosure of a mechanic's lien theretofore filed against property situate in the county in which the action was brought, and the second for the recovery of the reasonable value of the work and services alleged to have been performed by respondent for appellant at the latter's request. The authorities hold uniformly that where real and personal actions are joined in the same complaint the case must be tried in the county of the defendant's residence upon proper demand being made therefor (*Sheeley* v. *Jones,* 192 Cal. 256 [219 Pac. 744]; *Brown* v. *Happy Valley Fruit Growers,* 206 Cal. 515 [274 Pac. 977]; *Warner* v. *Warner,* 100 Cal. 11 [34 Pac. 523]); and in the case of *Chew* v. *Storrie,* 108 Cal. App. 313 [291 Pac. 610]; it·was expressly held that where, as here, a complaint in one count sets forth a cause of action for the foreclosure of a mechanic's lien and in a second count pleads a cause of action based on

personal liability, the action becomes transitory and under the authority of section 395 of the Code of Civil Procedure the trial must be changed to the place of the defendant's residence upon demand being made therefor.

After appellant's moving papers were filed, however, and prior to the hearing of the motion respondent filed with the clerk of the court a document signed by respondent's attorney reading as follows: "To the Clerk of the above entitled court: You are hereby directed and authorized to dismiss plaintiff's second cause of action as set out in plaintiff's complaint." The appeal was not argued orally, and respondent has not seen fit to file any brief in support of the trial court's ruling. It may be assumed, therefore, as suggested in appellant's brief, that the adverse order from which the appeal was taken was based upon the theory that the filing of the above request for a dismissal of the second cause of action took the case out of the operation of the rule of the cases above cited. We are unable to agree that such was the effect thereof. Subdivision 1 of section 581 of the Code of Civil Procedure, under the authority of which respondent presumed to file said dismissal, provides that a plaintiff may dismiss "an action" by filing a written request therefor with the clerk and paying the costs; and with respect to the scope of said subdivision it has been held that under its provisions a plaintiff may dismiss one or more of several defendants and continue the action against the remaining defendants (*Prendergast* v. *Mitchell-Silliman Co.*, 65 Cal. App. 456 [224 Pac. 243]); but as pointed out in California Jurisprudence (vol. 1, p. 306), there is a marked difference in a legal sense between "an action" and "a cause of action", and nowhere in said section is a plaintiff authorized expressly or by implication to amend or revise his complaint, by dismissing or striking therefrom one or more of several causes of action by filing a written request therefor with the clerk. Furthermore, it is well settled that on motion for a change of place of trial to the proper county the right thereto must be determined by the state of the complaint as it stood at the time of the appearance of the party demanding the change (25 Cal. Jur. 907, 908, and cases cited); and that the filing of an amendment to the complaint subsequent to the filing of the motion for change

of place of trial does not have the effect of defeating said motion. (*Buell* v. *Dodge*, 57. Cal. 645.)

█ It follows, therefore, that since the document filed with the clerk by respondent did not purport to be a request for the dismissal of the action itself and was never intended to accomplish that purpose, but, on the contrary, was filed for the sole purpose of eliminating the second cause of action set forth in the complaint, it constituted nothing more than an amendment to the complaint and must be treated as such; and having been filed subsequent to the filing of appellant's motion it had no effect under the rule of the cases cited on appellant's right to have the place of trial of the action changed to the county of his residence.

If it was respondent's desire to have the foreclosure proceeding tried in the county in which the action was brought, he could easily have accomplished such result by dismissing the action as permitted by said code section and filing it anew, based on the one cause of action.

The order is reversed.

Tyler, P. J., and Cashin, J., concurred.