LORENZO W. JOHNSON, Plaintiff and Respondent, *v.* COLUMBUS CLARK, RODNEY D. WITT, and WILLIAM C. CLARK, Doing Business Under the Firm Name and Style of Tobacco River Lumber Company, a Copartnership, Defendant and Appellants.

No. 9717.

311 Pac. (2d) 772.

Submitted April 25, 1957. Decided May 20, 1957.

Messrs. Murphy & Robinson, Kalispell, Messrs. Hall, Alexander & Burton, Great Falls, for appellants.

Messrs. McCabe & McCabe and Mr. L. R. Bretz, Great Falls, for respondent.

Mr. H. Cleveland Hall and Mr. L. R. Bretz argued orally.

MR. JUSTICE ADAIR:

This is an appeal from an order denying a motion for change of place of trial.

*Action Commenced.* On March 5, 1956, the plaintiff, Lorenzo W. Johnson, commenced this action by filing in the district court of the eighth judicial district of the State of Montana, in and for the County of Cascade, a complaint against the defendants at which time summons in the action, directed to each of the defendants, duly issued out of said district court. Thereafter such summons together with a copy of the complaint were served upon the defendants in Lincoln County, Montana, wherein they all then did and now do reside.

*Complaint.* The complaint so filed and served alleges: That at the times mentioned in the complaint the plaintiff was the owner and entitled to the possession of the southeast quarter

(SE¼), and the southwest quarter of the northeast quarter (SW¼NE¼) of Section twenty-two (22), Township thirty-four (34) north, Range twenty-six (26) west, Montana Principal Meridian, as recorded in the office of the county clerk and recorder of Lincoln County, Montana, on which at the time of plaintiff's acquisition there was standing a large quantity of merchantable saw timber which plaintiff desired to log, process to lumber and sell to the general public; that at such times the defendant, Tobacco River Lumber Company, was and now is a copartnership composed of the defendants, Columbus Clark of Eureka, Montana, Rodney D. Witt and William C. Clark; that on October 8, 1952, such copartnership filed its certificate of partnership in the office of the county clerk and recorder of Lincoln County, Montana, being file No. 2180 therein; that between November 1, 1953, and June 1, 1954, such copartnership through its members, agents, servants and employees and knowing the property to belong to plaintiff, did wilfully and without lawful authority cut down, saw, log and carry off wood, underwood, trees and timber situate on the described lands and transport same to defendants' saw mill where such wood and timber were processed in lumber having a market value of approximately $90 per thousand board feet; that plaintiff had no knowledge of defendants' said acts during the cutting and transporting of the wood and timber, but that many months afterwards plaintiff was advised by one of the copartners that the copartnership had taken plaintiff's said property and converted same to defendants' own use; that about February 13, 1956, plaintiff in writing gave notice to the defendant partners that there was due and owing to plaintiff the sum of $180,000 payable to the order of plaintiff's attorney at the latter's office in Great Falls, Montana, which sum plaintiff demanded for and as "constituting payment in full for that certain two million board feet of wood, underwood, trees and timber converted by" defendants, their servants, agents or employees the exact dates and times being known to the defendants; that defendants failed and refused to pay plaintiff the reasonable value of the wood and

timber so reduced to marketable lumber and converted to defendants' use by reason whereof the defendants are indebted to plaintiff in the sum of $180,000 and that, as the taking of the property was wilful and without lawful authority, plaintiff demands the further sum of $360,000 and prays judgment against defendants in the total sum of $540,000 and costs of suit.

*Appearance-Change of Venue Demanded.* On March 23, 1956, the defendants, by and through their present counsel, first came into court in the instant action by serving upon plaintiff's counsel and filing in such court and cause a motion to strike certain designated portions of plaintiff's complaint. Thereby defendants *made their general appearance in the case* (R.C.M. 1947, section 93-3103, subd. 4, and section 93-8505) at which time defendants' counsel also served upon plaintiff's counsel and filed in said court and cause the following instruments in writing, viz.: (a) An affidavit of merits executed and sworn to by the defendant, Rodney D. Witt; (b) a demand that the trial of the case be had in Lincoln County, Montana, it being the proper county for the trial of the action, and (c) a motion for change of the place of trial from the district court for Cascade County to the district court for Lincoln County, Montana.

*Affidavit of Merits.* In his affidavit of merits the defendant, Rodney D. Witt, deposed: That he is one of the defendants named in plaintiff's complaint; that as such he is acquainted with the facts stated in his affidavit of merits; that he has read the plaintiff's complaint, knows its contents and is acquainted with the facts and matters therein stated which constitute plaintiff's alleged cause of action against the defendants; that the principal place of business and the residence of the defendants, as individuals and as copartners, at all times since October 8, 1952, has been and now is Lincoln County, Montana; that service of summons was made upon the defendants within the County of Lincoln, Montana, wherein affiant resides and has resided at all times since on and before the date of the filing of plaintiff's said complaint; that the cause of action set forth

458

in such complaint is based upon an alleged conversion by de-fendants of wood, underwood, trees and timber situate upon property located in Lincoln County, Montana, and that said conversion took place, if at all, in Lincoln County, Montana, and not in Cascade County, that affiant, as one of the defendants, has knowledge of all the facts in the case, and verily believes and therefore states that the defendants have a good and substantial defense upon the merits to the cause of action set forth in plaintiff's complaint and that the motion and demand for change of place of trial are made in good faith in order that the action may be transferred to the proper county and not for the purpose of delay.

*Motion for Change of Venue.* Defendants' motion for change of place of trial to Lincoln County was made upon the grounds: (1) That at all times mentioned in the complaint the defendants were and are all residents of Lincoln County, Montana, and co-partners having their principal place of business at all times since the organization of such copartnership, in Lincoln County, Montana; (2) that service of summons in the action was made upon the defendants in Lincoln County, Montana; (3) that, as appears from the affidavit of the defendant, Rodney D. Witt, filed on behalf of the defendants, the cause of action in plaintiff's complaint herein is based upon an alleged conversion by defendants of wood, underwood, trees and timber situate and growing upon land owned by plaintiff and situate in Lincoln County, Montana; and (4) it appears both from plaitiff's complaint and from the affidavit of the defendant, Rodney D. Witt, filed in the cause that the alleged conversion took place in Lincoln County, Montana.

No counter-affidavit was filed and the statements set forth in defendant Witt's affidavit of merits stand undisputed in the record now before us. In addition to the facts recited in the aforesaid affidavit, it must be remembered that in his duly verified complaint of March 5, 1956, the plaintiff shows that the lands therein described from which the wood, underwood, trees and timber are alleged to have been cut and carried off

are situate and title thereto is recorded in Lincoln County, Montana; that the defendant, Columbus Clark, is of Eureka, Montana; and that the certificate of partnership of the defendant copartnership was and is filed in the office of the county clerk and recorder of Lincoln County, Montana. Of course the court will and it does take judicial notice of the fact that Eureka, where the defendant, Columbus Clark, resides, is a town situate in Lincoln County, Montana.

The complaint by which plaintiff commenced this suit alleges plaintiff's ownership and right of possession of the chattels, their conversion by the defendants and resulting damage. These are the essential elements of an action for conversion. Klind v. Valley County Bank, 69 Mont. 386, 389, 222 Pac. 439. This action sounds in tort and it may be tried in the county where the tort was committed. R.C.M. 1947, section 93-2904. It follows that Lincoln County was and is the proper county for the trial of the action.

R.C.M. 1947, section 93-2905, provides: "If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, *at the time he makes his general appearance* in the case, by answer, demurrer or otherwise, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county." Emphasis supplied.

*Appearance* is the first act of the defendant in court. Ballentine's Law Dictionary (1948 ed.), page 91; 2 Bancroft's Code Practice and Remedies, section 790, page 1164; 3 Am. Jur., Appearance, section 2, note 7, page 783. An appearance may be general or special.

"A general appearance in an action is made when a party comes into court without limiting the object for which he comes in." Stoffels v. Cherry, 67 Mont. 443, 445, 215 Pac. 1098, 1099. Also, see, Haggerty v. Sherburne Merc. Co., 120 Mont. 386, 395, 186 Pac. (2d) 884; 2 Bancroft's Code Practice and Remedies, section 800, pages 1175-1177; Judson v. Superior Court, 21 Cal. (2d) 11, 13, 129 Pac. (2d) 361, 362; Armstrong v. Superior

Court, Cal. App. 301 Pac. (2d) 51, 53. Compare R.C.M. 1947, section 93-8505.

Under R.C.M. 1947, section 93-2905, when a timely and proper motion for change of place of trial is pending, the court has no jurisdiction except first to rule on the motion for change of place of trial. Lloyd v. National Boston-Montana M. Corp., 108 Mont. 324, at page 327, 90 Pac. (2d) 513.

R.C.M. 1947, section 93-2906, provides: ''The court or judge *must*, on motion, change the place of trial. * * *

''1. When the county designated in the *complaint* is not the proper county.'' Emphasis supplied.

The above-quoted provisions of section 93-2906 are mandatory and, on timely and proper application, require the district court to change the venue. State ex rel. Gnose v. District Court, 30 Mont. 188, at page 189, 75 Pac. 1109; McKinney v. Mires, 95 Mont. 191, 195, 196, 26 Pac. (2d) 169.

Under the facts shown by the record in the instant case the rule applicable is as stated in State ex rel. Bonners Ferry Lumber Co., Ltd. v. District Court, 74 Mont. 338, at page 343, 240 Pac. 388, 390, wherein the court held that ''the court's first duty was to pass upon the motion for a change of venue. Where a defendant, in pursuance of the statute, moves for a change of place of trial upon a ground which entitles him to the change demanded as a matter of right, the court has no option but to grant the motion; its discretion is not invoked. Furthermore, when the movant's papers present such a showing, the court has no right to pass upon any other question in the case. A defendant entitled to have his motion granted has the right to have all other judicial action in the cause determined in the district court of the proper county.''

The right of the defendants to a change of the place of trial herein must be determined by the state of the pleadings, and the condition of things on March 23, 1956, *at the time the defendants made their general appearance in the case.*

In Wallace v. Owsley, 11 Mont. 219, at page 221, 27 Pac. 790, this court said: ''The right of the appellant to a change of the

venue must be determined 'by the condition of things existing *at the time the parties claiming it first appeared in the action'*. Buell v. Dodge, 57 Cal. 645; [Remington] Sewing Machine Co. v. Cole, 62 Cal. 311; Ah Fong v. Sternes, 79 Cal. 30, 21 Pac. 381.'' Emphasis supplied. Thus at an early date did this court recognize and apply the rule announced and applied by the courts of California.

In Sims v. Mains, 131 Cal. App. 307, 21 Pac. (2d) 447, 448, the court said: ''Upon a demand, notice of motion, affidavit of merits, and motion for change of venue, the issues involved and *the right of the defendants to a change of venue are determined by the condition of the pleadings as they then existed.* The affiants cannot inject into the case any additional issue. This rule is set forth in 25 California Jurisprudence, 907, as follows: 'Upon motion for a change of place of trial to the proper county, *the right* thereto *will be determined by the conditions revealed by the pleadings existing at the time the party claiming the right first appears.* Thus, *the nature of the cause of action,* so far as it affects or determines the place of trial, *will be ascertained from the complaint alone,* and the court will inspect the complaint for the purpose of determining the character of the action and the judgment which may be rendered. The averments of the complaint will be taken as true in considering the motion, and ambiguities will be resolved against the pleader.'' Emphasis supplied. Also, see, Kallen v. Serretto, 126 Cal. App. 548, 14 Pac. (2d) 917.

On March 27, 1956, being four days after defendants made their general appearance in the action and served and filed their demand and motion for change of place of trial, the plaintiff filed an amended complaint in the cause whereby an attempt is made to change the action sued upon from one sounding in tort to one founded upon an implied contract and to adversely affect defendants' demand and right to a change of the place of trial.

The district court took its time in hearing and deciding defendants' motion for change of place of trial. The hearing

thereon was not held until April 5, 1956, and thereafter the court delayed until May 9, 1956, the making and entering of its ruling and order denying defendants' motion and demand.

Defendants had but twenty days after the service upon them on March 27th of the amended complaint within which to plead thereto and on April 16th, being the last day of the allotted period, defendants served and filed a motion to strike designated portions of such amended pleading. Had defendants not pleaded to the amended complaint within the time prescribed therefor their default would have been taken and entered.

It is well-settled, however, that in the determination of defendants' right to a change of place of trial the amended complaint and defendants' motion to strike portions thereof have no bearing whatever. Under the statutes the district court *must* determine defendants' right to a change of place of trial to the proper county upon the state of plaintiff's original complaint as it stood on March 23, 1957, *at the time defendants* first came into court and *made their general appearance in the case.* R.C.M. 1947, sections 93-2905, and 93-2906.

In Buell v. Dodge, 57 Cal. 645, it appeared, by the original complaint in an action filed in one county, that the defendant Dodge, a resident of another county, was the only defendant against whom the facts alleged would justify a judgment. The appellate court held such defendant was entitled to a change in the place of trial and that his right thereto could not be taken away by statements in an amended complaint (filed subsequent to defendant's demand) setting up a cause of action against other-named defendants.

Remington Sewing Machine Co. v. Cole, 62 Cal. 311, at page 318, holds that the right to a change of place of trial "is to be determined by the condition of things existing at the time the parties claiming it first appeared in the action."

Ah Fong v. Sternes, 79 Cal. 30, at pages 33, 34, 21 Pac. 381, was an appeal from an order refusing a change of venue to the county of the defendant's residence in an action wherein plaintiff's complaint was framed with a double aspect. In reversing

the trial court's order the supreme court said: "In one aspect it is a good complaint for false imprisonment; in another aspect it may be assumed to be a good complaint for a penalty imposed by statute. Now, we do not think that the plaintiff by so framing his complaint can deprive the defendant of his right to have the case tried in the county of his residence. The rule is that ambiguities must be resolved against the pleader, and we think that this is a proper case for its application.

"Even if the complaint be regarded as stating two separate causes of action, upon one of which the defendant would be entitled to a change of venue, but not upon the other, the result would be the same. It is the plaintiff's own doing if the complaint be so drawn. *He cannot deprive the defendant of his right to a change of venue by the addition of something to the complaint.* If this were not the rule, it would be very easy for a plaintiff to defeat the defendant's right in the matter. All that plaintiff would have to do would be to add another cause of action to his complaint. It need not be a genuine cause of action, and it would not matter whether the two causes of action were properly united or not. For the defendant could not compel their separation by demurrer before moving for a change of venue, because he is required to take his proceedings for such change at the time of answering or demurring. Code Civil Proc. section 390. And the 'right is to be determined by the condition of things existing at the time the parties claiming it first appeared in the action'. [Citing cases]. And even if this were not so, and the court had the power to postpone the hearing of the motion until after the hearing of the demurrer, it would deprive the defendant of his right to have the demurrer heard in the county of his residence. Heald v. Hendy, 65 Cal. 321, 4 Pac. 27.

"In any view that can be taken, therefore, the order refusing a change of venue was erroneous." Emphasis supplied.

In Donohoe v. Wooster, 163 Cal. 114, 124 Pac. 730, at page 731, the court held that "the right to a change of place of trial

must be determined by the conditions existing at the time of the appearance of the party demanding the change.''

Heald v. Hendy, 65 Cal. 321, 4 Pac. 27, holds that where a defendant in an action appears and demurs, and at the same time demands a change of venue on affidavits, and no counter-affidavits are filed, the legal effect of an order postponing the hearing of the motion for change of venue until defendant files his answer is to deny defendant's motion for a change of place of trial, and is ground for a reversal of that and subsequent orders.

In Brady v. Times-Mirror Co., 106 Cal. 56, 39 Pac. 209, 211, the court said: ''When the defendants made their motion to change the place of trial, it was the duty of the court to act upon that motion, and either grant or deny it before taking any other judicial action in the case. * * * The statute requires the motion to be made 'at the time' the defendant appears and answers or demurs. If he does not then make the motion, he is not entitled to make it at any subsequent stage of the proceedings, even though the condition of the case may be such that, if it could be then made, it would be granted. [Citing case]. This necessarily implies that the motion must be made and determined by the court before it can hear or determine any other motion in the case. If the defendants are entitled to have their motion granted, they are entitled to have every motion or proceeding in the case heard before the superior court of the county of their residence. After the motion for a change of the place of trial had been made it was not competent for the court to entertain or make an order for the amendment of the complaint in the matter of parties, any more than in the matter of substantive averments. If, upon the case as it was then presented, the defendants were entitled to have their motion granted, they are entitled to have all judicial action in the cause determined in the superior court of their own county. Whether the plaintiff is desirous to amend his complaint so as to obviate the objections that have been pointed out by demurrer, or in other respects that may render it impervious to attack, if such amendment can be

made only upon the leave of the court, he must wait until after the case has been transferred, and make his application to that tribunal. This motion intercepted all judicial action in the case, and suspended the power of the court to act upon any other question until it had been determined. Ah Fong v. Sternes, supra.''

In McClung v. Watt, 190 Cal. 155, 211 Pac. 17, 19, it is said: ''The motion for a change of place of trial to the county of the party's residence must be made by the moving party and determined by the court in advance of any other judicial action in the case. [Citing cases]. Hence the right to a change of place of trial to the residence of a defendant must necessarily be determined by the status of the parties joined as defendants in the action as revealed by the pleadings existing at the time the party claiming the right first appeared in the action. [Citing cases].''

In Warren v. Ritter, 61 Cal. App. (2d) 403, 142 Pac. 948, 949, the court said: ''After the service of the notice of motion for change of venue, plaintiff filed amendments to his complaint. They cannot be considered as having any bearing on the decision of the motion. Buell v. Dodge, 57 Cal. 645; McClung v. Watt, 190 Cal. 155, 211 Pac. 17; Vikerson v. Wehr, 42 Cal. App. (2d) 678, 109 Pac. (2d) 743.''

In Taaffee v. Bloch, 127 Cal. App. 678, 16 Pac. (2d) 303, 304, it is said: ''Furthermore, it is well settled that on motion for a change of place of trial to the proper county the right thereto must be determined by the state of the complaint as it stood at the time of the appearance of the party demanding the change (25 Cal. Jur. 907, 908, and cases cited); and that the filing of the amendment to the complaint subsequent to the filing of the motion for change of place of trial does not have the effect of defeating said motion (Buell v. Dodge, 57 Cal. 645).''

In Big Springs Land & Livestock Co. v. Beck, 45 Idaho 509, 263 Pac. 477, at page 479, it is said: ''It will be noted that the statutory provision relative to demanding a change of place of trial is, that such motion must be made at the time the defendant

appears and answers or demurs. C.S., section 6665. We think the rule announced in California is logical, and is the preferable one to adopt and follow. The order denying the second motion for a change of venue, made during the trial, was correct, and should not be set aside and reversed on appeal, for the right to such a change in place of trial must be determined by the conditions existing at the time the parties claiming it first appeared in the action.''

The plaintiff Johnson concedes that at the time defendants ██ made their general appearance in the case on March 23, 1956, they also made timely and proper demand, motion and proof that the trial be had in the proper county as is provided for in R.C.M. 1947, section 93-2905, but plaintiff contends that when he thereafter on March 27, 1956, served and filed an amended complaint on defendants that they were then required to make a *second* general appearance in the case and a *second* motion and a *second* demand for change of place of trial supported by a *second* affidavit of merits and that failing to do so the defendants ''have waived their right to a change of venue since no timely motion for change of venue was made and this entire appeal then presents only a moot question.'' Such contentions are wholly lacking in merit.

The *''general appearance''* referred to in R.C.M. 1947, section 93-2905, is *the* general appearance made by the defendant *when he first comes into court* and appears in the case in anywise or manner except specially and for the specific purpose of challenging the jurisdiction of the court over his person. When on April 16, 1957, the defendants served and filed their motion to strike certain portions of the amended complaint they were interposing a pleading allowed on the part of the defendants by the last subdivision 4 of section 93-3103, R.C.M. 1947, but they were not making their ''general appearance in the case'' for such appearance defendants had already made on March 23, 1956.

The right of the plaintiff to file an amended complaint has nothing whatever to do with the right of the defendants to a

change of place of trial to Lincoln County for which relief defendants had made timely and proper application prior to the filing of the amended complaint. The filling of the amended complaint had no effect whatever on defendants' pending motion and demand for change of the place of trial.

The original complaint states an action in tort to recover ▆▆▆▆▆ damages for the conversion in Lincoln County of property there situate and by persons then and now there residing. The amended complaint states an action to recover a sum of money alleged to be due and owing from persons then and now residing in Lincoln County on an implied contract which wholly fails to show or indicate any place of performance. Such latter action upon proper demand therefor should be tried in Lincoln County wherein the defendants resided at the commencement of the action and wherein they were served with process herein. See Hardenburgh v. Hardenburgh, 115 Mont. 469, 146 Pac. (2d) 151; Fraser v. Clark, 128 Mont. 160, 273 Pac. (2d) 105. Under either complaint Lincoln County is the proper county for the trial of the case.

It follows that the order of the district court denying defendants' motion for a change of place of trial must be, and it is, reversed and the district court for Cascade County and the district judge presiding in the department thereof, wherein this cause was commenced and remains pending, are hereby directed to grant defendants' motion and demand, and to cause the action and the files therein to be transferred to the district court of the eleventh judicial district of the State of Montana, in and for the County of Lincoln, and it is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES ANGSTMAN, BOTTOMLY, and CASTLES, concur.