Judge Wood
delivered the opinion of the court:
This case presents a single question for our decision. The act for the punishment of crimes, passed March 7, 1836, provides, among other things, “that if any person shall utter and publish as true and genuine any contract for the payment of money or other property, or any acquittance or receipt for money or goods, with intent to defraud, etc., he shall be deemed guilty of forgery,” etc. Section 36 of the same act provides, “that if any person shall aid, abet, or procure any other person to commit any of the offenses, by this act made criminal, every person so offending shall, upon conviction thereof, be imprisoned in the penitentiary, etc.
The draftsman of this indictment has held it sufficient to pursue, literally, the statutory definition of the offense, and, as it does not, in express terms, make a knowledge of the false character of the paper a constituent part of the crime, it was thought unnecessary to aver that fact in the indictment. Is such averment necessary? Wo are of opinion that it is. The indictment must state every circumstance of knowledge, intention, or action that constitutes the criminal design. It is the intention that gives character to the action, and makes that criminal which would otherwise be exempt from guilt.
There can be no intention without knowledge; hence the necessity of the allegation, that the accused, in this case, knew that the paper he aided to pass off was a forgery. It must be manifest to every one that Anderson might, with entire innocency, have taken an active agency in obtaining cash for the certificate of deposit in question. He might suppose it to be genuine, and all he did be grounded upon that belief. The statute does not attach criminality to one, who, in honesty and good faith, becomes instrumental in passing off a forged paper. This record charges the fact, that the paper was a forgery, and that Anderson aided Stevens to pass it. No knowledge that it was a forgery; no design to defraujl another person, is charged against him; so that, in the terms of *550 indictment, nothing is alleged against him that can be regarded as criminal. Upon the trial of this indictment, no proof of knowledge or intention to defraud could legally be received; for the prosecutor can not be permitted to prove the constituents of crime, *when he has not set them forth and made them part of his
written accusation. The accused is only held to come prepared to meet the specific charge, and when the gist of the offense is knowledge and intention, no proof of either can be received, if there is no averment that they entered into and formed a part of the original transaction.
The judgment js reversed,