### ALLEGED LIBEL IN A COURT PROCEEDING.

Circuit Court of Cuyahoga County.

FRITZ RUDIN v. LOU FAUVER AND LEE STROUP.*

Decided, December 28, 1909.

*Libel—Materiality and Revelancy of Allegations Constituting the Alleged Libel—Degree of Privilege Attaching to Statements Made in Court.*

Statements made in court by attorneys and others, in relation to matters in litigation therein, are subject to an absolute privilege and can not be made the basis for an action for libel.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

Error to the court of common pleas.

This proceeding in error is brought to reverse a judgment rendered by the court below upon sustaining a demurrer to the petition in an action of libel, and the parties, therefore, stand as they stood below. The alleged libel consists of allegations of

---

* Affirmed without opinion, *Rudin v. Fauver et al*, 83 Ohio State, 468.

fraud and corruption on the part of the plaintiff in error contained in a petition filed by the defendants in error as attorneys in a preceding case in the court of common pleas. It is charged that these allegations were maliciously and gratuitously made, without any necessity, arising in the nature of the relief prayed for, to make the plaintiff in error a party or to allege anything about him, and that the allegations in question were wholly false.

It is unnecessary to go into the question of materiality of the allegations, constituting the alleged libel, to the cause wherein they were made, further than to say that they have no such obvious irrelevancy or utter want of relation to the action as to put them entirely out of the pale of privilege. The real question that we have is whether all statements made by attorneys and others in court, in relation to matters in litigation therein, are the subject of an absolute or only qualified privilege. This question seems never to have been directly decided by the Supreme Court of Ohio. It was found unnecessary to decide it in the case of *Lanning* v. *Christy,* 30 Ohio State, 115, and *Liles* v. *Gaster,* 42 Ohio State, 631. There is an *obiter dictum* in the case of *The Post Publishing Company* v. *Maloney,* 50 Ohio State, 71, 84, that: "In such cases the privilege constitutes an absolute bar to the action."

Assuming that such is the law in this state, the demurrer below was properly sustained. We are unable to say that this was error, and the judgment is therefore affirmed.