STATE ex rel. CARROLL, Relator, *v.* DISTRICT COURT
ET AL., Respondents.

(No. 5,440.)

(Submitted January 7, 1924. Decided January 16, 1924.)

[222 Pac. 444.]

*Mandamus — Extent of Jurisdiction of Court — Irrigation Dis-
tricts — Pleading and Practice — General Appearance —
Change of Venue—Waiver.*

*Mandamus*—Power of Court to Issue Writ to Officer Outside of District of
County.
1. *Held*, that the district court of one district or county has juris-
diction to issue a writ of mandate directed to an officer of another
district or county to compel him to perform a ministerial act which
the law specially enjoins as a duty resulting from his office.

Same—Irrigation Districts—Power of Court of Another County to Issue
Writ to Officer in a Different County.
2. While the Irrigation District Act (secs. 7166–7264, Rev. Codes
1921) confers certain exclusive powers upon the district court of the
county in which the business of the district is being conducted, there
is nothing in the Act which gives exclusive jurisdiction to that court
to compel the treasurer of that county by *mandamus* to pay interest
due upon bonds of the district, and therefore, under the rule above,
the court of any other district or county has the power to issue the
writ.

Pleading and Practice—General Appearance—What Constitutes.
3. An application for an extention of time in which to plead is a
recognition of the jurisdiction of the court over the person of the ap-
plicant and constitutes a general appearance.

Same—General Appearance Waives Right to Change of Venue.
4. Where defendant in a *mandamus* proceeding in his motion to
quash the writ for want of jurisdiction also asked for further time
in which to demur or answer, he by the latter part of the motion
entered his general appearance and thus waived his right to there-
after demand a change of venue to the proper county.

Original application for Writ of Prohibition by the State, on
the relation of E. A. Carroll, as County Treasurer of Treasure
County, against the District Court of the Thirteenth Judicial
District for the County of Yellowstone and Robert C. Stong,
a Judge thereof. Dismissed.

*Mr. C. L. Harris* and *Mr. Wellington D. Rankin,* Attorney
General, for Relator, submitted a brief; *Mr. Harris* argued the
cause orally.

The motion of relator to quash the writ of mandate was a special appearance and a request for additional time in which to appear. Aside from such features of the appearance, it was a challenge to the jurisdiction of the court, and automatically stayed all further proceedings till disposition was made of such motion. (*State ex rel. Lane* v. *District Court,* 51 Mont. 503, L. R. A. 1916E, 1079, 154 Pac. 200; *Missoula Belt Line Ry. Co.* v. *Smith,* 58 Mont. 432, 193 Pac. 529.)

Has a judge of the district court jurisdiction to issue writ of mandate to a public officer of a county outside of his district, directing the performance of official duty within the county outside of said district?

Relator herein is a public officer of Treasure county; the irrigation district land is located in that county, where the officers of the district reside, where the contract was made; the place of performance, as well as the place of payment, all disclosed on the face of the papers in the lower court. In reality, a proceeding for the enforcement of a lien, or preference payment, through a public officer of a county outside the district where the proceedings were initiated. Clearly a case within the jurisdiction of that county. The papers fail to disclose any explanation for the commencement of the proceedings in Yellowstone county. 15 Corpus Juris declares, under section 121, "a state court may issue a writ of *mandamus,* although the cause therefor arose in a part of the state outside its territorial limits, where a necessity therefor arises, although this should not be done unless special circumstances justify such a course, as where it is impracticable to present the application to the court of the district wherein the cause arose." Citing *Older* v. *Superior Court,* 10 Cal. App. 564, 102 Pac. 829.

Finally, are the provisions of sections 9097 and 9098, Revised Codes, mandatory? We suggest that such provisions are mandatory, and we urge upon the court that the district court of Yellowstone county was without discretion in the premises; that it "must" grant a change of place of trial when the demand is accompanied with affidavit of merits. (*State ex rel.*

*Stephens* v. *District Court,* 43 Mont. 571, Ann. Cas. 1912C, 343, 118 Pac. 268; *State ex rel. Interstate Lumber Co.* v. *District Court,* 54 Mont. 602, 172 Pac. 1030; *State ex rel. Williams* v. *District Court,* 56 Mont. 478, 185 Pac. 458; *Danielson* v. *Danielson,* 62 Mont. 83, 203 Pac. 506.)

*Mr. Sterling M. Wood,* for Respondents, submitted a brief.

It is settled, under the rule announced by this court in the case of *State ex rel. Mackey* v. *District Court,* 40 Mont. 359, 135 Am. St. Rep. 633, 106 Pac. 1098, that the request made by Mr. Harris, in open court, as an attorney for the respondent in the lower court, for time in which to answer and show cause why the prayer of relator's petition for a writ of mandate should not be granted, made after the motion and demand for change of place of trial was denied, was a general appearance for all and every purpose in that proceeding. This case also conclusively settles the law in this jurisdiction to be that, where a special appearance is made to object to the jurisdiction of a court over the person of a defendant, a general appearance, subsequently and voluntarily made, waives the question of jurisdiction. (See, also, 4 C. J., p. 1361; *Peabody* v. *Oleson,* 15 Colo. App. 346, 62 Pac. 234; *Phoenix Indemnity Co.* v. *Gregor,* 39 Colo. 193, 88 Pac. 1066, 1067; *Oettinger* v. *Hill Livestock Co.,* 170 N. C. 152, 86 S. E. 957; *Grand Rapids & I. R. Co.* v. *Cheboygan Circuit Judge,* 159 Mich. 210, 123 N. W. 591; *Wilson* v. *Fowler,* 3 Ark. 463; *Noyes* v. *Kern,* 94 Ill. 521; *Hinderager* v. *MacGinniss,* 61 Mont. 312, 202 Pac. 200.)

MR. JUSTICE STARK delivered the opinion of the court.

This is an application for a writ of prohibition. (In this opinion the relator will be referred to as plaintiff and the respondents as defendant.) Upon the filing of plaintiff's application an alternative writ was issued directing the defendants to appear on the seventh day of January, 1924, and show cause why the plaintiff should not be granted the relief which

he sought. Upon the return day the defendants appeared and filed an answer. From the application and the answer it appears that the facts involved are as follows:

The North Sanders Irrigation District, a public corporation, was duly created under the laws of the state of Montana prior to the year 1919. All of the lands embraced therein are located in Treasure county in which county all of the officers of the district reside and the office of the corporation is maintained, as provided by law. In January, 1919, certain bonds of said district were duly issued and sold. Sadie E. Currier became the owner of eight of them on or about January 2, 1919, and has continued to be such owner at all times since. These bonds bear interest at the rate of six per cent per annum, payable on the first day of January each year.

Under the provisions of the statute (sections 7208 to 7250, Rev. Codes 1921) the funds for payment of the principal and interest on bonds of this character are provided by special assessments on the lands included in the district, which are collected by the county treasurer at the same time and in the same manner as county and state taxes (section 7240). The county treasurer of the county wherein the office of the district is located is made the custodian of all funds belonging to the district, and he is authorized to disburse the same upon order of the proper district officers, except that certain disbursements, including interest on bonds, may be made by him without any such order. (Section 7239.) The plaintiff herein is the treasurer of Treasure county, and, as such, *ex-officio* custodian of the funds of the North Sanders Irrigation District.

On November 1, 1923, there was due to said Sadie E. Currier as a balance of the interest on the bonds of which she was the owner, and which became due on January 1, 1922, and January 1, 1923, the sum of $480, payment of which had been refused by plaintiff as county treasurer of said county. On November 21, 1923, said Sadie E. Currier filed in the district court of Yellowstone county a petition praying for the issuance of an alternative writ of *mandamus*, directed to the plain-

tiff herein, as county treasurer of Treasure county, commanding him to pay her the amount of such delinquent interest. Upon the filing of this petition an alternative writ of mandate was issued, as asked for, and made returnable before the district court of Yellowstone county on December 1, 1923, at 10 o'clock A. M. The writ was duly served upon the plaintiff in Treasure county on November 22, 1923, by the sheriff of said county. Upon the return day thereof the plaintiff herein, as such county treasurer, by his counsel appeared and filed a motion, the first paragraph of which is as follows: ''Comes E. A. Carroll, respondent above named, without submitting himself to the jurisdiction of this court, and appearing specially for the purposes of this motion and not otherwise, and not waiving by so doing any of the rights of said respondent, moves the court to quash the alternative writ of mandate issued herein, and that the proceedings herein be dismissed for the following reasons, to-wit.''

The grounds of this motion may be summarized as follows: That the court was without jurisdiction to issue the writ for the reasons (a) that respondent is a public officer of Treasure county; (b) that the obligation which is sought to be enforced by the *mandamus* proceeding was created in Treasure county; (c) that the irrigation district in question is located in said county where all of its officers reside and where its office is maintained; (d) that the venue of all proceedings in connection with or growing out of said district is in the district court of Treasure county; (e) that the issuance of the writ by the judge of the district court of a county other than Treasure county is contrary to public policy and contrary to the laws of the state of Montana. The final paragraph of the motion reads as follows: ''Respondent requests further time in which to appear, demur, or answer to the writ issued herein and to plead thereto and that he be not required to appear therein, demur, answer or plead thereto until the court has passed upon the foregoing motion.''

This motion was overruled by the court. On the same day, but subsequent to the order of the court overruling the above motion, the plaintiff herein, as respondent in said proceeding, filed a motion and demand for a change of place of trial, together with a demurrer to the petition, which were both overruled by the court, and thereupon plaintiff asked for additional time in which to answer and show cause, which request was granted by the court and his time therefor extended to the twenty-first day of December, 1923. Thereafter, on December 10, 1923, the plaintiff filed his petition in this court praying for the issuance of a writ to prohibit defendants from proceeding further in said cause.

The primary inquiry in this case is whether the district [1] court of Yellowstone county had jurisdiction to issue a writ of mandate directed to an officer of a county not embraced in the judicial district in which it is included, to compel such officer to perform a ministerial act which the law specially enjoins as a duty resulting from his office, that is: Did that court have jurisdiction of the subject matter of the controversy?

By section 11, Article VIII, of the Constitution a district court has original jurisdiction "to issue, hear and determine writs of *mandamus.*" The same section provides that the process of such court "shall extend to all parts of the state, provided that all actions for the recovery of, the possession of, quieting the title to, or for the enforcement of liens upon real property, shall be commenced in the county in which the real property, or any part thereof, affected by such action or actions, is situated." This is the only constitutional provision directing where actions of which the district court has original jurisdiction shall be commenced, and there is nothing contained therein which limits the right of the district court of one county or district to issue a writ directed to an officer of another county or district.

The supreme court of California, construing a constitutional provision of that state substantially the same as ours, above

quoted, in the case of *Kings County* v. *Johnson,* 104 Cal. 198, 37 Pac. 870, said: "Constitution, Art. VI, sec. 5, provides that process of the courts shall extend to all parts of the state, and that 'said courts and judges shall have power to issue writs of *mandamus, certiorari,* \* \* \* and *habeas corpus,* on petition by or on behalf of any person in actual custody in their respective counties.' *Held,* the phrase 'in their respective counties' limits the power of the court merely in regard to the writ of *habeas corpus,* and therefore *mandamus* may extend beyond the county."

The statutory provisions governing the issuance of a writ of mandate, directing when, under what circumstances, and to whom the writ may be issued, are embraced in sections 9847 to 9860, Revised Codes of 1921, and they contain no provision which would prohibit the issuance of a writ under the circumstances in this case above set out.

It is contended by counsel for the plaintiff that the district court of Yellowstone county was without jurisdiction over the [2] subject matter because of the provisions of the Act under which the North Sanders Irrigation District was organized and governed, being sections 7166 to 7264, Revised Codes of 1921. It may be conceded that these statutes confer upon the district court of Treasure county, where the office and place of business of the irrigation district is located, certain exclusive powers, to-wit, to handle matters pertaining to the organization of the district (7167–7169), to approve bonds of commissioners (7170), to change divisions and election precincts (7175), to fill vacancies in the board of commissioners (7177), to handle proceedings for change in the boundaries of districts (7188, 7189), to correct its orders and decrees relating to irrigation districts (sec. 7189A, added by Chapter 54, Laws 1923), to handle the matter of the determination of the irrigable acreage of a district (7190–7193, as amended), to handle proceedings for the confirmation of bond issues (7210, 7211), to dissolve a district (7253), and to entertain action by any tax or assessment payer of a district against any officer dere-

lict in his duty upon the official bond of that officer or to remove the officer (7256).

There is nothing in any of these sections which confers exclusive jurisdiction upon the district court of Treasure county to compel an officer of that county to perform the ministerial act of making payment of interest due upon the bonds of an irrigation district out of the funds in his hands as the *ex-officio* custodian thereof.

An examination of the foregoing constitutional and statutory provisions leads to the conclusion that the district court of Yellowstone county had jurisdiction over the subject matter of the controversy which was presented to it in the application for a writ of *mandamus*.

Section 9848, *supra*, authorizes the issuance of a writ of *mandamus* by the district court to any person to compel the performance of an act which the law especially enjoins as a duty resulting from an office.

Section 9866 is as follows: "Except as otherwise provided in sections 9836 to 9867, the provisions of sections 9008 to 9832 of this Code are applicable to and constitute the rules of practice in the proceedings mentioned in sections 9836 to 9867."

From what has been said above it is apparent that the [3, 4] proceedings in the district court of Yellowstone county were governed by sections 9096 and 9097, relating to venue and change of place of trial. The latter of these sections provides, in effect, that if the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding that fact, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits and demands in writing that the trial be had in the proper county, and, unless the plaintiff herein waived the privilege of having the cause transferred to Treasure county for trial, his motion for change of venue should have been sustained by the court.

The first motion filed by plaintiff in the lower court challenged the jurisdiction of the court over the subject matter of

the controversy, sought to have the writ quashed and the proceeding dismissed, and also to have the time to plead extended.

Whatever limitations counsel may have sought to impose upon his motion by saying that he appeared "specially for the purpose of this motion and not otherwise," he is bound by all the statements which it contained. In this motion he specifically asked "for further time in which to appear, demur, or answer to the writ issued herein and to plead thereto," which request the record discloses was granted.

In the case of *State ex rel. Mackey* v. *District Court,* 40 Mont. 359, 135 Am. St. Rep. 633, 106 Pac. 1098, after reviewing a large number of cases, the court said: "A request for time in which to answer to the merits constitutes in our judgment a general appearance, the effect and scope of which may not be limited by any statement on the part of counsel that he desires the record to show that his appearance is special."

In 4 C. J., page 1339, the author says: "So an application for an extension of time to plead is a recognition of the jurisdiction of the court over the person and constitutes a general appearance." In support of this statement many cases are cited. The reason for the rule is stated in *Yale* v. *Edgerton,* 11 Minn. 271 (Gil. 184), as follows: "An application for an extension of time to answer is a recognition of the jurisdiction of the court over the person, and requires a general appearance. To extend the time to answer is a favor which can only be granted to a defendant in an action. And to ask as a favor of the court an extension of the period of time to answer on the merits is a submission to the jurisdiction of the court."

When the plaintiff coupled with his motion to quash the writ an application for further time in which to plead, he entered a general appearance in the proceeding. He thereby submitted himself to the jurisdiction of the district court of Yellowstone county. This makes it unnecessary to consider the effect of the other portions of the motion, upon the matter of appearance.

From the foregoing consideration it appears that the district court of Yellowstone county had jurisdiction of the subject matter involved in the *mandamus* proceedings in question; that the respondent in said proceedings entered a general appearance therein, and thereby submitted himself to the jurisdiction of that court; and that none of the proceedings of the defendants herein, of which complaint is made were without or in excess of jurisdiction, and therefore not subject to control by the writ of prohibition.

The writ is denied and the proceeding dismissed.

*Dismissed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY and GALEN concur.

MR. JUSTICE COOPER, being absent, did not hear the argument and takes no part in the foregoing decision.