LLOYD, RESPONDENT, *v.* NATIONAL BOSTON–MONTANA MINES CORPORATION ET AL., APPELLANTS.

(No. 7,843.)

(Submitted January 30, 1939. Decided May 2, 1939.)

[90 Pac. (2d) 513.]

*Messrs. Emigh & Murray* and *Mr. R. Lewis Brown,* for Appellants, submitted a brief; *Mr. J. F. Emigh* argued the cause orally.

*Mr. M. S. Galasso,* for Respondents, submitted a brief, and argued the cause orally.

HONORABLE C. F. HOLT, sitting in place of MR. CHIEF JUSTICE JOHNSON, disqualified, delivered the opinion of the court.

This is an appeal from the order of the district court of Silver Bow county denying a change of place of trial. So far as is important for the determination of the appeal, the following sequence of pleadings took place in the district court:

On May 27, 1937, the plaintiff filed a complaint for the recovery of certain deeds and for amounts due upon a contract for services and money advanced (we shall designate this as com-

plaint No. 1); later, on leave of court, the plaintiff filed an amended complaint, adding certain parties as defendants (complaint No. 2); the defendants then, on the same day, filed a demurrer, an affidavit of merits, a demand and motion for change of place of trial; then the plaintiff filed a supplement to the complaint which he designated a supplemental complaint (and which we call complaint No. 3), wherein he admits the surrender of the deeds sought by him in his original complaint, the surrender having been made after the filing of the original complaint; the defendants entered another demurrer to the amended and supplemental complaint, and noticed the demurrer for hearing, which demurrer, after argument, was sustained by the court; the plaintiff again filed an amended complaint (complaint No. 4), to which the defendants again demurred and filed the necessary papers for a change of place of trial. The court then ruled on the motion for change of place of trial and entered an order denying it. The court gave no reason for denying the motion, but evidently the reason was that defendants had waived their right to a change of place of trial.

Section 9097, Revised Codes, places a procedural restriction upon the right to change the place of trial: ''If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county.'' By judicial interpretation this court has held this right to be one which must be affirmatively asserted (*State ex rel. Williams* v. *District Court*, 56 Mont. 478, 185 Pac. 458; *Danielson* v. *Danielson*, 62 Mont. 83, 203 Pac. 506); that it must be asserted at the time the party answers or demurs, and that, if made beforehand, it is premature, and, if afterwards, it comes too late. (*Dawson* v. *Dawson*, 92 Mont. 46, 10 Pac. (2d) 381; *McKinney* v. *Mires*, 95 Mont. 191, 26 Pac. (2d) 169.)

In the case at bar, the defendants made proper demands for a change of place of trial on their first appearance by demurrer to the original complaint (Nos. 1 and 2), but when

the supplemental complaint was filed, they demurred again to the amended complaint (No. 2), as modified by the supplemental complaint (No. 3), and then on their own motion noticed the demurrer for argument, and thus abandoned and waived their right to a change of place of trial.

Under section 9097, when a motion for change of place of trial properly made is pending, the court has no jurisdiction except first to rule on this motion for change of place of trial; but where, as in this case, the defendants call up the demurrer themselves and in effect demand that the court rule upon it, they, by so doing, submit to the jurisdiction of the court and in effect abandon and waive the right to a change of place of trial. The defendants here, by noticing the demurrer, impliedly waived their plea of privilege by invoking affirmative action of the court inconsistent with their demand for change of place of trial. (See *State ex rel. Carroll* v. *District Court,* 69 Mont. 415, 222 Pac. 444, wherein it is held that an application for an extension of time to answer is a recognition of the jurisdiction of the court and constitutes a waiver of the right to move for a change of venue.)

The amended complaint (No. 4) is but a different statement of the same cause of action attempted to be stated in complaint No. 2, as modified by the supplemental complaint (No. 3), in which the defendants waived the right to a change of venue; consequently the renewal of their demand on the filing of the amended complaint (No. 4) is of no avail.

The order appealed from is affirmed.

ASSOCIATE JUSTICES MORRIS, ANGSTMAN, STEWART and ERICK-SON concur.