UNITED STATES FIDELITY AND GUARANTY COMPANY, A CORPORATION, PLAINTIFF AND RESPONDENT, v. STATE OF MONTANA, DEFENDANT AND APPELLANT.

No. 9915.

Submitted October 20, 1959. Decided November 6, 1959.

345 Pac. (2d) 734.

See **C. J. S.** Appearances, § 15.

Paul T. Keller, Paul F. Reynolds, Donald A. Douglas, Helena, for appellant. Paul F. Reynolds argued orally.

Smith, Boone & Rimel, Missoula, for respondent. Russell E. Smith, Missoula, argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiff brought this action in the district court of Missoula County to recover on eight causes of action. The action is based upon two contracts for the construction of a state highway partly in Powell and partly in Lewis and Clark Counties.

The original contractor was Floyd Williams. Plaintiff has succeeded to the rights of Williams. Defendant at the proper time, and in the proper manner, moved for a change of venue from the district court of Missoula County to the district court of Lewis and Clark County.

Accompanying the papers demanding the change of venue was a motion to strike certain allegations from causes of action Nos. 2 and 6. Before the hearing on the motion for change of venue, defendant moved for an order extending its time to plead to causes Nos. 1, 3, 4, 5, 7 and 8. The motion was granted. The only question presented here is whether the motion requesting additional time to plead to these causes of action constituted a waiver of the right to a change of venue. Both parties concede

that the proper venue of the action is in Lewis and Clark County unless there has been a waiver.

Plaintiff relies particularly upon the case of State ex rel. Carroll v. District Court, 69 Mont. 415, 222 Pac. 444. That case support's plaintiff's contention. However, the court in that case failed to recognize the distinction between the want of jurisdiction of the court and the proper venue of the action.

There is no question but that the request for time in which ██ to plead constitutes a general appearance in the action so as to obviate the necessity of serving a summons. State ex rel. Mackey v. District Court, 40 Mont. 359, 106 Pac. 1098, 135 Am. St. Rep. 622, and see the other authorities relied upon by the court in the Carroll case. In this case there is no question but that the court has jurisdiction of both parties to the action. The making of the motion for change of venue constituted an appearance within the meaning of sections 93-3019 and 93-3103, and no default judgment could have been taken, the defendant having appeared by a motion. Section 93-4801.

It is fundamental of course that the district court of any ██ county where the action was commenced had jurisdiction of the subject of the action and it could have been there tried, section 93-2905, unless the defendant at the proper time and place moved for a change of venue to the proper county. Hence, the only question here is did the defendant waive the right to a change of venue by simply asking the court for additional time within which to plead after the motion was denied. We hold that it did not. The holding in the Carroll case, supra, to the contrary is expressly overruled. The request for additional time did not put defendant in a position inconsistent with the demand for change of venue. The defendant by his request for additional time to further plead did not ask the court to rule upon any matter connected with the case or affecting its merits. This case is different from that of Lloyd v. National Boston-Montana Mines Corporation, 108 Mont. 324, 90 Pac. (2d) 513, for in that case the party moving for a change of venue noticed its demurrer for hearing and this, of course, was incon-

sistent with its action in demanding a change of place of trial. The court properly held in that case that the moving party waived the right to stand on his motion for a change of venue by noticing the demurrer for hearing.

In other words, if the party moving for a change of venue asks the court, in which the motion is pending, to determine questions of fact or law affecting the merits of the action then there would be grounds for holding that the moving party took a position inconsistent with a demand for a change of venue and thus waived his right to such change. This matter was considered in Lyons v. Brunswick-Balke-Collender Co., 20 Cal. (2d) 579, 127 Pac. (2d) 924, 141 A.L.R. 1173. But here the defendant has in no manner asked the court to determine any question of law or fact touching the merits of the case. All it did was request the court to enter an order that when the motion for change of venue was disposed of, it would be allowed certain time within which to file an answer or otherwise plead. It did nothing that could be held to constitute a waiver of its right to a change of venue.

The court erred in denying the motion. The case is remanded with directions for the court to set aside its order denying and to enter an order granting defendant's motion for a change of venue.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES BOTTOMLY, ADAIR and CASTLES, concur.