DONALD W. YOUNG AND STANLEY C. YOUNG, A CO-PARTNERSHIP, D/B/A FLATHEAD LAKE REALTY, PLAINTIFFS AND RESPONDENTS, v. RICHARD J. SAVAGE, D/B/A THE STROUT REALTY, E. A. STROUT WESTERN REALTY AGENCY, A CORPORATION, AND NAOMI N. SAVAGE, DEFENDANTS AND APPELLANTS.

No. 10087.
Submitted March 29, 1960. Decided April 22, 1960.
351 Pac. (2d) 227.

Murphy, Robinson & Keller. Kalispell, for appellants.
Robert S. Keller argued orally for appellants.
Hamman & Gottwig, Polson, for respondents.
Donald E. Gottwig argued orally for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order denying a motion for change of place of trial.

Plaintiffs, respondents here, filed their complaint for damages for breach of an alleged contract. Basically they stated that they and the defendants, appellants here, were real estate agents, plaintiffs having their offices in Polson, and defendants in Kalispell; that one Smiley and wife came into the office of plaintiffs on September 25, 1954, for the purpose of buying a ranch; that plaintiff, Donald W. Young, showed the prospective buyers ranches in Lake County, but could not effectuate a sale; that plaintiff Young called defendant, Richard J. Savage, in Kalispell to make an appointment to show buyers, ranch properties in Flathead and Lincoln Counties; that defendant Savage accepted an appointment for the same date, and plaintiff Young escorted the buyers to Kalispell to meet defendants; that defendant Savage showed plaintiff Young and buyers a ranch in Flathead County; that plaintiff Young left for Polson the evening of September 25, 1954.

Plaintiffs alleged that on that date, and at one time pre-

viously, plaintiffs and defendant Savage, had interchanged prospective clients and each time had agreed orally that any commission or fee accruing to either of them upon consummating a sale would be divided equally; that the place of the oral contract took place in Lake County; that defendant, Richard J. Savage, did sell five ranch properties in Lincoln County to Byron L. Moore; that said Moore was the agent of Mr. and Mrs. H. G. Smiley; that the selling price was $250,000; that plaintiffs and defendant Savage, had agreed upon a figure of $12,500 as the commission, and that plaintiffs and defendant Savage had agreed to split said commission; that defendants had paid plaintiffs nothing, and plaintiffs prayed for judgment for $6,250.

Defendants, Richard J. Savage and Naomi Savage, appeared by a notice of motion to change the place of trial; a motion to change the place of trial; an affidavit in support of the motion; a demand that the place of trial be changed; a notice of motion to strike; and a motion to strike portions of plaintiffs' complaint. These papers were filed on July 17, 1959. On July 28, 1959, a hearing was had, after the plaintiffs had filed a counter-affidavit resisting the motion for change of place of trial.

On the day of the hearing, counsel for the defendants, Richard J. Savage and Naomi Savage, argued their motion for change of venue. The same counsel, separately representing defendant, E. A. Strout Western Realty Agency, orally requested in open court that defendant be given additional time in which to enter an appearance and the court granted five days, from the date when the order granting or denying a change of venue would be made, in which to demur, answer or otherwise plead.

From the complaint itself, and the motion for change of venue of defendants Savage, it appears that the Savages are residents of the County of Flathead, and that they were personally served with copies of the complaint and summons in the County of Flathead.

The plaintiffs resisted the motion for change of venue in the district court on the grounds that: (1) The contract was made

and performed in Lake County, and (2) That one of the defendants, the E. A. Strout Western Realty Agency, as a condition of doing business in the State of Montana filed an irrevocable consent that suits and actions may be commenced against it in any county of the state in which the plaintiff having a cause of action may reside pursuant to R.C.M. 1947, § 66-1913.

It was alleged in the complaint that the E. A. Strout Realty Agency was a nonresident corporation licensed and qualified to do business in the State of Montana and that because the plaintiffs were in doubt as to the status of the corporate defendant so far as the alleged oral agreement with defendant, Richard J. Savage, was concerned that the corporate defendant was joined as a party defendant.

The appellants' specifications of error resolve themselves into two questions as suggested by the respondents. Those questions are: (1) Whether the motion for additional time by one defendant constituted a waiver of the right to change of venue, and (2) Where one of the defendants can be found in the county of plaintiffs' residence, do the other defendants, who reside and are served in a different county, have the right to change of venue to the county in which they reside at the commencement of the action?

As to the first question above, *the respondents concede that the complaint was properly subject to a motion for a change of venue if the right to change was not waived.* In addition to this concession by respondents in their brief, the complaint and counter-affidavit allege facts which clearly show that both the place of performance and the place of making of the alleged oral contract were outside the County of Lake, regardless of the alleged conclusion that the place of making was in Lake County.

Since the briefs were filed in this cause, this court rendered its decision in United States Fidelity & Guaranty Co. v. State of Montana, 136 Mont. 148, 345 P.2d 734, in which we held that the defendant did not waive the right to change of venue by

simply asking the court for additional time within which to plead after the motion was ruled upon. In that case we overruled State ex rel. Carroll v. District Court, 69 Mont. 415, 222 P. 444, relied upon by respondents here, and commented that in the Carroll case the distinction between the want of jurisdiction of the court and the proper venue of the action was not recognized. The same applies here, and under the ruling made in United States Fidelity & Guaranty Co. v. State of Montana, supra, the request for additional time by one defendant in which to plead, pending the determination of the motion for change of venue by two other defendants does not constitute a waiver, even were we to concede that one defendant could waive the right of other defendants. (But see 56 Am. Jur., Waiver § 4, note 4; 92 C.J.S., Waiver, p. 1066, notes 39, 40.)

As to the second question, R.C.M. 1947, § 66-1913, relating to consent to suit by nonresident applicants, provides in part: ''If an applicant be a nonresident of this state, he shall file an irrevocable consent that suits and actions may be commenced against him in any county of this state in which the plaintiff having a cause of action or suit may reside''. Of course, under this statute, the nonresident defendant may be sued in Lake County, and so far as this one defendant is concerned Lake County is the proper county. But, the other two defendants, appearing separately by motion for change of venue, have the right to have the venue changed under the complaint in this case. See Hardenburgh v. Hardenburgh, 115 Mont. 469, 146 P.2d 151; Fraser v. Clark, 128 Mont. 160, 273 P.2d 105; Johnson v. Clark, 131 Mont. 454, 311 P.2d 772; and Love v. Mon-O-Co Oil Corp., 133 Mont. 56, 319 P.2d 1056.

For the foregoing reasons, the order of the district court refusing to grant a change of venue is reversed and remanded with instructions to transfer the cause to Flathead County.

MR. CHIEF JUSTICE HARRISON, MR. JUSTICE ADAIR, THE HONORABLE C. B. ELWELL, District Judge,

sitting in place of MR. JUSTICE ANGSTMAN, and THE HONORABLE NAT ALLEN, District Judge, sitting in place of MR. JUSTICE BOTTOMLY, concur.