395 P.2d 537

The RELIANCE INSURANCE COMPANY, a corporation, Plaintiff and Appellant,

v.

Glennard M. HOLLINS, Defendant and Respondent.

Glennard M. HOLLINS, Plaintiff and Appellant,

v.

The RELIANCE INSURANCE COMPANY, a corporation, Defendant and Respondent.

Nos. 10087, 10168.

Supreme Court of Utah.

Sept. 25, 1964.

---

Hanson & Baldwin, H. Wayne Wadsworth, Christensen & Jensen, Salt Lake City, for Reliance Ins. Co.

Mark & Schoenhals, Salt Lake City, for Glennard M. Hollins.

HENRIOD, Chief Justice:

Two appeals (consolidated) resulting from a previous third case which was not appealed. Both judgments are affirmed, with no costs awarded in either case.

Way back in 1954, Hollins, an auto dealer doing business as Glenn Hollins, Inc., applied for and obtained a dealer's bond from Reliance to comply with the Utah statutes. The application was in the form of a contract which was double-barrelled—1) the corporation, by Hollins as its agent, being bonded for $5,000, and 2) Hollins obligating himself as an indemnitor for $1,000 to protect the insurance company against expenses should it have to defend the principal bond.

The same year Hollins, Inc., through Hollins, "floored" two cars with General Credit Corp., a finance company. Hollins, Inc., sold the cars but could not get the finance company to deliver the title papers —for some reason that is not quite clear. Nonetheless, General Credit sued Reliance on the bond and lost the case, the trial court holding that Hollins, Inc. had not violated any statute.

■ This led to Reliance suing Hollins as an individual on the $1,000 indemnity clause contract, and not as principal on the $5,000 bond, which indemnity agreement ran in favor of Reliance if it were put to an expense in procuring title to the car purchasers. This action was bottomed on the insurance contract not litigated in the previous lawsuit. Hollins as an individual was not even a party to that action. This case Reliance lost, and now appeals. We do not believe that the trial court erred in dismissing Reliance's case against Hollins. The trial court apparently felt and concluded that the broad terms of the indemnity agreement could not be invoked. Reliance based its claim on the acts of Hollins as events that forced the former to defend an action. The trial court said Hollins did not do that, and in this respect we can concur.

■ This all led to Hollins' suit against Reliance, whose rather lengthy complaint said Reliance had defamed him and injured his credit, by asserting in the previous litigation's pleading by alleging that Hollins had violated the statute by failing to deliver title certificates. It appears that this action may have been premature, having been brought and litigated pending the Reliance appeal, although we need not determine that point.

The record reflects that the allegation objected to was intended to mean Hollins, Inc., but the fact remains that it was an inaccurate allegation.

The trial court dismissed Hollins' action; and, without reciting the lengthy allegations of the complaint here, we are constrained to agree with the trial court, but suggesting, however, that Reliance could have been more careful in its complaint against Hollins. The allegations, in substance, were that Hollins violated a statute. Such allegations are commonplace in complaints, but almost universally are privileged as an adjunct of sound public policy.

The cloak of protection in judicial proceedings and the pleadings incident thereto seems imperative and obvious in almost all cases, and certainly this one, else few matters would be instituted or tried for fear of inability to prove an alleged wrong.

The immunity mentioned, which we think applies in this case, legislatively is reflected in Title 45-2-3, Utah Code Annotated, 1953, and casewise in Prosser, Torts, 2d ed., Sec. 95. This is a case where everyone lost and no one was happy about it, but we think the trial court was correct in each instance.

McDONOUGH, CALLISTER, CROCKETT and WADE, JJ., concur.