**Arthur THEISS, Plaintiff-Appellant,**

v.

**Gordon H. SCHERER, Defendant-Appellee.**

No. 17599.

United States Court of Appeals
Sixth Circuit.

June 20, 1968.

Bernard C. Fox, Cincinnati, Ohio, for appellant.

James L. O'Connell, Cincinnati, Ohio, for appellee; Lindhorst & Dreidame, Ambrose H. Lindhorst, Cincinnati, Ohio, on the brief.

Before McCREE and COMBS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

COMBS, Circuit Judge.

The appellant contends that the district judge erred in holding that the complaint in an action for libel did not state a claim upon which relief can be granted.

The claim of libel grows out of a letter which appellee, an attorney, wrote to appellant's attorney in regard to the administration of an estate. The letter was filed with the complaint and reads:

GORDON H. SCHERER
Attorney at Law
1717 Carew Tower
Cincinnati, Ohio

July 1, 1964

Mr. George C. Allen
Barbour, Kimpel & Allen
709 Gwynne Building
Cincinnati, Ohio 45202

Dear George:

Beverly Meyer sent me the copy she received of your letter of June 25, 1964, to Frederick C. Theiss. She advises, of course, that she is perfectly willing and wants me to serve as Trustee.

You say in your letter that the Trustee has not been designated by the Court and so it is not known whether "Mr. Scherer or his secretary will qualify." I told you without reservation that I was going to qualify as such Trustee.

I don't care how much pressure you or the father puts on the children, I am going to serve, and I suggest you take the matter up with Judge Davies and try to prevent my appointment.

This is an attempt on the part of Arthur Theiss to make it look as if I were responsible for his filing a Will contest by not agreeing to give up the trusteeship. I think all of these children are smart enough to see through this little scheme of his.

Frankly, his mother was creating this trust so that he would not be a burden on the children in later years. She was well aware of how he dissipated his assets over the years and, since she made me familiar with the problems she and the Doctor had with Arthur over the years, it was her desire that I serve as Trustee. The fact that I do understand the situation is one reason that your client does not want me to serve as Trustee. I would be violating Alma Theiss' confidence and trust in me if I succumbed to this little piece of blackmail on his part.

Again I repeat, it was Mother Theiss' chief concern that his wife, Florence, and his children not be burdened with his support in later years, so she provided at least enough money to keep the wolf away from the door. Perhaps the children might like to know some of the things I talked to you about before you use them as a pressure gimmick on me so that the children can make up their minds

after knowing all the facts. This is only fair.

> Sincerely yours,
> /s/ GORDON SCHERER
> Gordon H. Scherer

GHS:ems

cc: Mr. Frederick C. Theiss
Mrs. A. T. Fleischbein
Mrs. S. J. Johnson
Mrs. Byron Meyer

A copy of the letter was sent to four persons who had an interest in the estate referred to in the letter.

It is alleged in the complaint that the appellant is a responsible businessman, and that the letter accused him of being a wastrel, with dissipating his assets, and with committing the crime of blackmail. It is also alleged that the statements were false, that they were written maliciously, that they were published, that they have damaged appellant's reputation, and caused him great mental anguish.

Presented on this appeal are these questions:

1. Is the statement in the letter that appellant was indulging in a "little piece of blackmail" libelous per se?

2. Is the statement that appellant had dissipated his assets libelous per se?

3. May the appellee rely on the defense that he was merely repeating a statement made by appellant's mother?

4. Was the letter a privileged communication?

5. Is the question whether the letter was a privileged communication one for the court to decide?

1) We agree with appellee that the reference in the letter to a "little piece of blackmail" does not accuse appellant of a crime and is not libelous in the context in which it was used. Brown v. Myers, 40 Ohio St. 99 (1883). The *Brown* case is old but we think it is still good law. It holds that an accusation is not actionable in Ohio where a specific felony is not mentioned and the recipients of the publication have knowledge of the transaction and know it is not felonious.

2) It will be assumed arguendo that under Ohio law the statement that appellant had dissipated his assets is libelous per se. It was held in Cleveland Leader Printing Co. v. Nethersole, 84 Ohio St. 118, 95 N.E. 735 (1911), that a publication respecting a person is libelous per se if it affects him injuriously in his trade or profession. Since appellant is vice president of an insurance company and a prominent businessman, as alleged in the complaint, it must be presumed that the accusations in regard to his incompetency to handle his assets would affect him injuriously in his profession. In view of our decision on a subsequent question, however, we do not consider it necessary to extend the discussion on this aspect of the case.

3) We agree with appellant that one may not avoid the consequences of making a libelous statement merely by saying that he is repeating the words of another, even when that person is identified. Fowler v. Chichester, 26 Ohio St. 9 (1874); Haines v. Welling, 7 Ohio 250 (1835). We note once more that these cases are old, but again we are of the opinion they clearly state the prevailing Ohio rule. Moreover, the general rule is that one who repeats a libelous remark is liable for his republication. 33 Am.Jur., Libel and Slander § 95.

4) We hold, however, that the letter in question falls under the rule of absolute privilege. It is apparent from the letter itself, and was assumed in oral argument, that it was written in relation to a will which had been offered for probate and also was in reference to impending litigation to contest the will. It was addressed to an attorney who represented a party with a financial interest in these proceedings. Copies of the letter were sent only to those who had a direct financial interest in the settlement of the estate.

The probate of a will and the settlement of an estate by a court is a judicial proceeding. Simon v. Potts, 33

Misc.2d 183, 225 N.Y.S.2d 690 (Sup.Ct. 1962); Matthis v. Kennedy, 243 Minn. 219, 67 N.W.2d 413 (1954); Parker v. Kirkland, 298 Ill.App. 340, 18 N.E.2d 709 (1939). It is beyond argument that statements made in pleadings filed in a judicial proceeding come within the rule of absolute privilege. Rudin v. Fauver, 15 Ohio Cir.Ct.R.,N.S., 30 (1909), affirmed 83 Ohio St. 468, 94 N.E. 1114; 34 O.Jur.2d, Libel and Slander § 75; 33 Am.Jur., Libel and Slander § 146.

■ Whether the same rule applies to communications between attorneys is a closer question, but we think the better rule is that such communications are absolutely privileged if they have relevance to, and are made during the course of, a judicial proceeding in which the attorneys are participating as counsel. ALI Restatement, Torts § 586 (1938), states the rule thus:

"An attorney at law is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of a judicial proceeding in which he participates as counsel, if it has some relation thereto."

Comment a. under this section reads:

"The privilege stated in this Section is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients. Therefore the privilege is absolute. It protects the attorney from liability in in an action for defamation irrespective of his purpose in publishing the defamatory matter, his belief in its truth or even his knowledge of its falsity. These matters are of importance only in determining the amenability of the attorney to the disciplinary power of the court of which he is an officer. The publication of defamatory matter by an attorney is protected not only when made in the institution of the proceedings or in the conduct of litigation before a judicial tribunal, but in the conferences and other communications preliminary thereto. The institution of a judicial proceeding includes all pleadings and affidavits necessary to set the judicial machinery in motion. The conduct of the litigation includes the examination and cross-examination of witnesses, comments upon the evidence and arguments both oral and written upon the evidence, whether made to court or jury."

The courts of New York, South Carolina, Idaho, Colorado, and California have clearly adopted the rule of the Restatement. Simon v. Potts, 33 Misc.2d 183, 225 N.Y.S.2d 690 (1962); Simon v. Stim, 11 Misc.2d 653, 176 N.Y.S.2d 475 (Sup. Ct.1958); Rodgers v. Wise, 193 S.C. 5, 7 S.E.2d 517 (1940); Richeson v. Kessler, 73 Idaho 548, 255 P.2d 707 (1953); Renner v. Chilton, 142 Colo. 454, 351 P.2d 277 (1960); Friedman v. Knecht, 248 Cal.App.2d 455, 56 Cal.Rptr. 540 (1967).

The English rule is even broader, as stated in Odgers, Libel and Slander, 1st Ed. (1881), at page 192: "In short, 'neither party, witnesses, counsel, jury, or judge can be put to answer civilly or criminally for *words spoken in office.*'" Quoting Lord Mansfield in R. v. Skinner, Lofft, 55.

Language used by the Ohio courts in Bigelow v. Brumley, 138 Ohio St. 574, 37 N.E.2d 584 (1941), and in Post Publishing Co. v. Moloney, 50 Ohio St. 71, 33 N.E. 921 (1893), leads one to believe that Ohio would follow the rule of the Restatement even though these cases are not in point on their facts.

In Johnston v. Cartwright, 355 F.2d 32 (8th Cir. 1966), a case which came up from Iowa, it was held that a statement given by an attorney to a newspaper concerning a National Labor Relations Board proceeding recently terminated was absolutely privileged.

The rule of absolute privilege for relevant statements made by one attorney to another during the course of and in relation to judicial proceedings in which they are participating as counsel rests on solid

basis. An attorney is an officer of the court and is subject to disciplinary action by the court and by his bar association. The rights of clients should not be imperiled by subjecting their attorneys to the fear of suits for libel or slander.

 5) The contents of the letter here in question and the circumstances surrounding its publication are not in dispute. Whether it was privileged was therefore a question of law for the court. Mauk v. Brundage, 68 Ohio St. 89, 67 N. E. 152, 62 L.R.A. 477 (1905); Driscoll v. Black, 3 Ohio App.2d 351, 210 N.E.2d 899 (1965). The district judge held that it was privileged and we are in agreement with his holding.

The judgment is affirmed.

McALLISTER, Senior Circuit Judge (concurring).

It is cold comfort to the appellant to be told that although statements made about him are libelous or slanderous, he can bring no action for defamation, even if the person making the statements knows they are false; and that, since they were made in reference to impending litigation, they are privileged. But that is the law. I concur in the opinion of Judge Combs.