

Edward M. Garrett of Hanson & Garrett, Salt Lake City, for plaintiffs and appellants.

Thomas N. Crowther and John Parsons of Parsons, Kruse & Crowther, Salt Lake City, for defendants and respondents.

**D. Kent WRIGHT et al., Plaintiffs and Appellants,**

v.

**Kenneth D. LAWSON et al., Defendants and Respondents.**

No. 13719.

Supreme Court of Utah.

Jan. 10, 1975.

TUCKETT, Justice:

The plaintiffs initiated these proceedings alleging that they had been libeled by the defendants. The defendants filed a motion for a summary judgment which was granted by the court, and the plaintiffs are here seeking a reversal.

The plaintiffs are directors of the Utah corporation known as Com Tel, Inc. The defendants were shareholders of a corporation known as Marketing Systems, Inc., and were officers and directors of that corporation. Marketing Systems and Com Tel entered into a reorganization agreement which provided for the transfer of all Marketing Systems shares to Com Tel in return for a specified number of Com Tel shares and a contingent transfer of additional Com Tel shares to former Marketing Systems shareholders. Disputes between Com Tel and the former shareholders of Marketing Systems arose concerning the contingent transfers of Com Tel shares. The defendants brought a suit in the United States District Court against Com Tel

5. Harward v. Harward, Utah, 526 P.2d 1183 (1974).

6. State v. Morgan, Utah, 527 P.2d 225 (1974).

and its directors alleging breach of the acquisition agreement, unlawful offer and sale of securities, fraud and unjust enrichment.

On September 10, 1973, an annual meeting of shareholders of Com Tel was had. It was attended by Kenneth D. Lawson and Ray M. Unrath, defendants here, and former shareholders of Marketing Systems. Lawson and Unrath had with them their attorneys, John Parsons and James Kruse. A dispute arose at the meeting and it was adjourned "sine die" without the election of directors.

On September 25, 1973, John Parsons, acting for former Marketing Systems shareholders, sent a letter to D. Kent Wright, president of Com Tel and a plaintiff herein. The plaintiffs' claim of libel resulted from that letter. The letter is of considerable length and we have extracted therefrom the portions pertinent to this controversy.

As you are aware this firm represents the following named minority shareholders ("Shareholders") of Com Tel:

.    .    .    .    .    .

Heretofore this firm has been retained by such Shareholders for the purposes of pursuing against Com Tel and certain of its Directors, namely, D. Kent Wright, Gerald A. Von Mondfrans, Phillip K. Evans and Hugh J. Hintze, a civil action based on breach of contract, securities fraud and common law fraud.

We have also been retained by such Shareholders to protect their interests as minority Shareholders in Com Tel with specific reference to the flagrant violation of the Utah corporation statutes, the Com Tel Articles of Incorporation and By-Laws and general principles of law which occurred at your most recent Annual Shareholders Meeting which was convened September 10, 1973, at the corporate offices of Com Tel. Such meeting was attended by Messrs. Lawson and Unrath as well as James Kruse and myself in our capacity as attorneys for the Shareholders.

The annual Meeting of Shareholders was called for September 10, 1973 and was for the express purpose of electing a board consisting of four directors. It must be noted that while there was adequate time for preparation, there was no information forwarded to Shareholders in advance of this meeting regarding significant events which had occurred during the past several months and which is of vital concern to all shareholders. The meeting was called to order by yourself, as chairman, and a quorum was announced which was immediately followed by a motion from the floor nominating managements' slate of directors which consisted of Dr. Kent Wright, Phillip K. Evans, Gerald A. Von Mondfrans and Hugh J. Hintze. Promptly following such motion you attempted to call for a vote without providing the opportunity for discussion of such motion and without granting the opportunity for the shareholders present at the meeting to nominate additional candidates for the office of director. Therefore, Mr. Unrath vigorously protested such action and was allowed to present a motion from the floor nominating Kenneth D. Lawson as a candidate for a directorship. Immediately following such motion and at the express request of Mr. Lawson and apparently at your great displeasure there was some general discussion regarding the candidacy of Mr. Lawson which discussions proceeded in such a character so that ultimately they took on the atmosphere of a "circus."

Because of the significance of the discussions that followed Mr. Unrath's motion (you will recall that Mr. Lawson discussed the law suit pending against Com Tel specifically with respect to whether present directors should be allowed to manage the Company while being sued for fraud and mismanagement—see attached copy of points discussed by Mr. Lawson) and apparently because several of the shareholders present at the meeting requested that the meeting be adjourned until the share-

holders could be appropriately advised and informed of the financial condition of the Company as well as the merits of the law suit which had recently been filed against the Company and its Directors, it was clear and obvious display was made thereof that managements' only desire was to avoid temporary adjournment of the meeting. . . .

.  .  .  .  .  .

Since our clients were denied at the September 10, 1973 Shareholders Meeting their inalienable right to cast their votes for the directors of their choice and further, since the acts of those in charge of the referenced annual meeting are opposed to good morals and against public policy and still further, since those directors who attempted to perpetuate themselves in office by adjourning such annual meeting "sine die" are the same directors who have been named as defendants in litigation with respect to their conduct in managing the affairs of Com Tel, it is hereby demanded on behalf of our clients, minority shareholders in Com Tel, that the following corrective action be taken:

.  .  .  .  . .  .

b. That appropriate information and materials be forwarded to each shareholder together with the notice of such meeting, providing sufficient information so that each shareholder may apprise himself of the financial, managerial and operational condition of the Company; such materials should contain the full discussion of the lawsuit which is presently pending against the Company and the afore-referenced four directors and a discussion of those matters set forth on the attachment to this letter.

.  .  .  .  .  .

In the event we are not notified within five (5) days from the receipt of this letter of a satisfactory plan of action of management of Com Tel to accomplish the foregoing demands, we shall have no alternative but to seek all appropriate legal relief with respect to accomplishing the same.

The court below was of the opinion that the letter which referred to the case pending in the federal court and with reference to possible future litigation was absolutely privileged. The correctness of the court's ruling as to privilege is the sole matter before this court on appeal.

It is the rule in England that immunity exists as to any utterance arising out of a judicial proceeding and having any reasonable relation to it, although it is quite irrelevant as to any issue involved.[1] The majority of American courts have adopted the rule that there is no immunity unless particular statements are in some way "relevant" or "pertinent" to some issue in the case. The words "relevant" and "pertinent" have a technical meaning in legal parlance, and we believe it would be advantageous to adopt a rule that the statement alleged to be libelous must have some relationship to the cause or subject matter involved.[2]

The letter here under consideration deals almost entirely with the conduct of the shareholders' annual meeting, and the rights of the defendants as shareholders who participate in the election of a board of directors, failure of those in charge of the meeting to proceed with such an election, and the withholding of information to which the shareholders were entitled. The letter made reference to the case pending in the federal court and also to the fact that the defendants may seek ap-

1. Munster v. Lamb, 11 Q.B.D. 588, 52 L.J. Q.B. 726; Seaman v. Netherclift, L.R. 2 C. p. 53, 46 L.J.C. p. 128.

2. Johnston v. Schlarb, 7 Wash.2d 528, 110 P.2d 190; Timmis v. Bennett, 352 Mich. 355, 89 N.W.2d 748; Simon v. Stim, 11 Misc.2d 653, 176 N.Y.S.2d 475; Youmans v. Smith, 153 N.Y. 214, 47 N.E. 265; Reliance Ins. Co. v. Hollins, 16 Utah 2d 44, 395 P.2d 537; Theiss v. Scherer, 6 Cir., 396 F.2d 646, 36 A.L.R.3d 1322; 69 Har.L.Rev. 875; Prosser On Torts 3d Ed., p. 795; Sec. 45-2-3, U.C.A.1953.

propriate legal relief to have their demands complied with. We are of the opinion that the mention of the pending lawsuit, and the mention of the fact that the defendants would perhaps seek other legal relief if their demands were not met, have no sufficient relationship to pending or anticipated litigation which entitles it to an absolute privilege. We express no view on the issue of whether or not the statements contained in the letter are in fact libelous.

The decision of the court below is reversed, and the matter is remanded for further proceedings. Appellants are entitled to costs.

HENRIOD ·and ELLETT, JJ., concur.

CALLISTER, C. J., does not participate herein.

CROCKETT, Justice (concurring in part, dissenting in part).

I agree with the rule announced in the main opinion that the matter should have some relevancy to, or reasonable relationship with, the legal business or negotiations with respect to which privilege is claimed. If a communication meets that test, it has a qualified or conditional privilege. See 50 Am.Jur.2d, Libel and Slander, Section 211, and cases there cited. This should be considered in conjunction with the fact that the allegedly libelous statements are mere generalities accusing unlawful and improper conduct in relation to the controversy. In doing so, it is my opinion that it should be ruled as a matter of law that the letter is not libelous. When the trial court has made the correct ruling in dismissing the action, we should affirm it if it is justified under the law. See Peterson v. Fowler, 29 Utah 2d 366, 510 P.2d 523 (1973); 5 C.J.S. Appeal & Error § 1464(1). Wherefore, it is my opinion that the summary judgment rejecting defendant's contentions was properly granted and that its action should be sustained.

I further observe that if this case is remanded for further proceedings, it is the duty of this court to pass on matters which may become material to settlement of the issues. See Rule 76(a); and LeGrand Johnson Corp. v. Peterson, 18 Utah 2d 260, 420 P.2d 615; and therefore the majority opinion of the court should indicate its view on whether the content of the letter is defamatory.