DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant Michael J. Tony Co. L.P.A. represented plaintiff Ralph Hughes's wife in a divorce action she brought against Mr. Hughes. During the time the divorce action was pending, Tony sent a letter to the lawyer representing Mr. Hughes in the divorce action, in which Tony asserted that Mr. Hughes had been able to "finagle" over $40,000 out of banks during the preceding year. Nearly a year later, Mr. Hughes filed the complaint in this case, accusing Tony of defamation. The trial court dismissed Mr. Hughes's complaint for failure to state a claim upon which relief can be granted. On appeal, Mr. Hughes has argued that he alleged sufficient facts in his complaint to state a claim for defamation. This *Page 2 
Court affirms the trial court's judgment because Tony had an absolute privilege to make the statement contained in the letter.
 I. {¶ 2} In his complaint, Mr. Hughes alleged that he was a defendant in a divorce action in Lorain County Common Pleas Court and that Tony represented the opposing party in that divorce action. He further alleged that Tony wrote a letter to the attorney representing Mr. Hughes in the divorce action that contained a statement that, he claimed, defamed him:
 On May 31, 2005, Defendant Michael J. Tony Co., L.P.A. purposely and knowingly drafted, published and distributed defamatory matter to Ronald E. Falconi, lawyer of Plaintiff misrepresenting in deceit on page (2) paragraph (8) — "In my opinion your client within the last year has been able to finagle out of banks close to over $40,000.00." (Finagle as defined and used in context of defamatory published matter): "To achieve something by means of trickery or devious methods."
 {¶ 3} Tony moved the trial court under Rule 12(B)(6) of the Ohio Rules of Civil Procedure to dismiss Mr. Hughes's complaint for failure to state a claim upon which relief can be granted. The trial court granted Tony's motion, and Mr. Hughes has appealed to this Court.
 II. {¶ 4} Mr. Hughes has assigned three errors on appeal, all of which amount to an assertion that the trial court incorrectly dismissed his complaint. A trial court may grant a motion to dismiss under Rule 12(B)(6) of the Ohio Rules of Civil Procedure only if it appears beyond doubt that the plaintiff can prove no set *Page 3 
of facts that would entitle him to relief. O'Brien v. Univ. Cmty.Tenants Union Inc., 42 Ohio St. 2d 242, 245 (1975). The trial court must accept the plaintiffs factual allegations as true and make every reasonable inference in favor of the plaintiff. Byrd v. Faber,57 Ohio St. 3d 56, 60 (1991). Therefore, accepting these allegations as true, an appellate court reviews the dismissal de novo, as a question of law.Perrysburg Twp. v. Rossford, 103 Ohio St. 3d 79, 2004-Ohio-4362, at ¶ 5.
 {¶ 5} A cause of action for defamation consists of five elements: (1) a false and defamatory statement; (2) about the plaintiff; (3) published without privilege to a third party; (4) with fault of at least negligence on the part of the defendant; and (5) that was either defamatory per se or caused special harm to the plaintiff. Gosden v.Louis, 116 Ohio App. 3d 195, 206 (1994). Statements made in judicial proceedings are absolutely privileged:
 A statement made in a judicial proceeding enjoys an absolute privilege against a defamation action as long as the allegedly defamatory statement is reasonably related to the proceeding in which it appears.
Hecht v. Levin, 66 Ohio St. 3d 458, 460 (1993) (citing Surace v.Wuliger, 25 Ohio St. 3d 229, 233 (1986)). The privilege extends to certain extrajudicial communications involving attorneys and parties to a case:
 To come within the privilege . . . a statement not published as part of a judicial proceeding must, at least, be made in the regular course of preparing for or conducting such a proceeding and be pertinent and material to the redress or relief sought. Further, it must be published only to persons who are directly interested in the proceeding. *Page 4 
Michaels v. Berliner, 119 Ohio App. 3d 82, 88 (1997) (citing Theiss v.Scherer, 396 F.2d 646, 648 (6th Cir. 1968)); see also Krakora v.Gold, 7th Dist. No. 98 CA 141, 1999 WL 782758, at *2-3 (Sept. 28, 1999).
 {¶ 6} In his complaint, Mr. Hughes alleged that Tony, the firm representing his wife in a divorce case against him, sent the letter at issue to the lawyer who was representing him in that divorce case. He did not allege that Tony published the contents of the letter to anybody other than his lawyer. The single sentence from the letter quoted by Mr. Hughes in his complaint concerned the nature of Mr. Hughes's business dealings and assets. Inasmuch as divorces include division of property, Mr. Hughes's business dealings and assets would have been material to the pending divorce case. The sentence contained in Tony's letter to Mr. Hughes's lawyer, therefore, was absolutely privileged.
 {¶ 7} Inasmuch as the sentence about which Mr. Hughes has complained was absolutely privileged, he can prove no set of facts that will satisfy the third essential element of a defamation claim, and the trial court correctly dismissed his complaint. Mr. Hughes's assignments of error are overruled.
 III. {¶ 8} Mr. Hughes's assignments of error are overruled. The judgment of the Lorain County Common Pleas Court is affirmed.
 Judgment affirmed. *Page 5 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
SLABY, P. J. CONCURS
 MOORE, J. CONCURS IN JUDGMENT ONLY *Page 1